HATFIELD *et ux* v. GANO.

1. ABORTION. The procuring of an abortion by a married woman upon herself, was not, unless the child was quick, a crime under the Code of 1851; neither is it a crime under the "act for the punishment of fœticide." Laws 1858, chapter 53; Rev., 1860, § 422.

2. SAME: SLANDER. To charge a married woman with procuring an abortion upon herself, is not actionable *per se*. *Abrams* v. *Foshee et ux.*, 3 Iowa, 275.)

3. AMENDING PLEADINGS. The Supreme Court will not interfere with the exercise of discretion by the Court below, in refusing to permit an amendment of the pleadings after the cause has been submitted to the jury.

*Appeal from Decatur District Court.*

FRIDAY, OCTOBER 9.

ACTION of slander. The words charged in the petition, to have been spoken by defendant are, that " Elizabeth Hatfield had destroyed a child, and I can prove it. She tried to get medicine from Dr. Comstock to produce abortion, and he refused to let her have medicine. She then tried everything she could, and failed until the last resort, and that was lifting at a large ladder, and that done the work. I will have her out of the church, and the grand jury will take it up, and she will be sent to the penitentiary where all such persons ought to be."

Upon issue made, a trial was had, and the Court instructed the jury as follows: *First:* "That words charging a married woman, living in lawful wedlock, with having caused an abortion upon herself, are not actionable; that causing an abortion upon herself before the child is quick, is not a crime." *Second:* "Unless the defendant charged the plaintiff, Elizabeth Hatfield, with the commission of a crime, they must find with the defendant."

The plaintiffs excepted at the time to the giving of these instructions, and it is claimed that the Court below erred in thus charging the jury as to the liability of defendant.

*Warner* for the appellants.

No appearance for appellee.

BALDWIN, Ch. J.—To charge a woman with causing or procuring an abortion upon herself, was not sufficient to charge her with a crime, under the Code of 1851, as there was no law punishing such an act in this State at that time. This question is clearly settled in the case of *Abrams* v. *Foshee et ux.*, 3 Iowa, 275. Unless there is some act of the Legislature passed subsequent to that time, which declares this act a crime, the ruling of the Court was in accordance with the spirit and letter of the opinion of this Court, in the above cited case, and to the correctness of which we now adhere. In 1858, the Legislature passed an act for the punishment of foeticide which read as follows: " That every person who shall willfully administer to any pregnant woman, any medicine, drug, substance or thing whatever, or shall use or employ any instrument, or other means whatever with the intent thereby to procure the miscarriage of any such woman, unless the same shall be necessary to preserve the life of such woman, shall, upon conviction thereof," &c. See Revision of 1860, § 4221.

We incline to the opinion that this act does not change the law from what it was when the case of *Abrams* v. *Foshee et ux.*, *supra*, was decided, in so far as it relates to the acts of the woman upon whom the abortion was procured. In other words, if the procuring an abortion by the person pregnant, through any means adopted by herself, was not a crime under the Code of 1851, it is not a crime under the act of 1858. It is clear to us from the wording of this act, that it was the person who used the means with the pregnant woman to procure the abortion, and not the woman herself, that the Legislature intended to punish. We arrive at this conclusion from the direct and specific language of the act itself.

It is claimed that the second instruction is wrong, and in connection with the first given tended to mislead the jury. To support this proposition, it is urged that the Court, in its bill of exceptions, admits that plaintiffs proved the allegations of the petition as charged; that the plaintiffs allege in their petition that the defendant charged the plaintiff (Elizabeth) with taking medicine, and that was cause of the abortion; and that she was delivered of a dead child.

In answer to this position, it may be said, in the first place, that it does not appear from the petition that the defendant was charged with having reported that plaintiff killed or procured the birth of a child, old enough to quicken in the womb. In the second place, the Court charge the jury that the causing of abortion by the woman herself, before the child was quick, is not a crime.

It is claimed that the Court erred in refusing to allow plaintiffs to amend their pleadings. This application was made after the cause had been submitted to the jury. The plaintiffs therefore do not present such a case as would justify the inference that the court below abused the discretion reposed in it in such cases.

Affirmed.