## COMMONWEALTH *vs.* WORCESTER E. BOYNTON.

Essex. November 4. — 25, 1874. AMES & DEVENS, JJ., absent.

On the trial of an indictment, under the Gen. Sts. c. 165, § 9, for procuring a miscarriage, the woman upon whom the operation is alleged to be performed is not an accomplice ; the rule in relation to the corroboration of an accomplice does not apply ; and the defendant has no ground of exception to a refusal of the judge so to rule, and to an instruction that the jury if they found that the defendant did the acts charged at the request of the woman, " should carefully consider her connection with those acts in reference to her testimony, and should scrutinize her statements with peculiar care on that account."

An indictment under the Gen. Sts. *c.* 165, § 9, averred that the defendant maliciously and without lawful justification thrust a certain instrument "into the body and womb of one Georgiana Goff, the said Goff being then and there pregnant with child, with intent thereby, then and there, to cause and procure the miscarriage of the said Goff." *Held,* that the indictment sufficiently alleged that the act charged was committed upon a woman. *Held, also,* that the intent was sufficiently alleged to be the intent of the defendant.

INDICTMENT under the Gen. Sts. *c.* 165, § 9, charging that the defendant, at a time and place certain, "maliciously and without lawful justification, did use a certain instrument, the name of which instrument is to the jurors aforesaid unknown, which said instrument, the said Boynton then and there had and held, by then and there forcing and thrusting the instrument aforesaid into the body and womb of one Georgiana Goff, the said Goff being then and there pregnant with child, with intent thereby, then and there, to cause and procure the miscarriage of the said Goff." Before the jury were sworn, the defendant filed the following motion to quash : "1. Because there is no sufficient allegation that the act charged was committed upon a woman.   2. Because there is no sufficient description of the act, or of the means or instrument used ; and no averment that the grand jury were unable to describe the instrument.   3. Because there is no sufficient allegation of intent, it being uncertain from the indictment whether the intent charged was the intent of the defendant or of the other party to the alleged act."   This motion was overruled.

The government introduced as a witness Georgiana Goff, who testified substantially to the facts charged, and that she hired and procured the defendant to perform the operation set forth in the indictment.   There was other evidence on the part of the prosecution which the government contended corroborated the witness Goff on material points, but which the defendant contended was not such corroboration.

The defendant asked the judge to instruct the jury that, "upon the statement of the witness Goff, she was an accomplice in the commission of the crime she describes, and, unless her evidence is corroborated in material matters, it is unsafe for a jury to convict upon it, because of its corrupt and suspicious source ; and under such circumstances courts deem it their duty to advise the jury to acquit."   The judge declined to give this instruction as requested ; but instructed the jury upon this point that : "As

the witness Goff testified that the defendant did the acts complained of at her request and upon her employment, the jury should carefully consider her connection with those acts in reference to her testimony, and should scrutinize her statements with peculiar care on that account."

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*E. T. Burley*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The court properly refused to give the instruction requested by the defendant. It assumes that the witness Goff was an accomplice of the defendant in the commission of the crime charged. She could not have been indicted as a participator in the offence, and was not an accomplice. This point was decided in *Commonwealth* v. *Wood*, 11 Gray, 85, which arose under a statute the same in its legal effect as the statute upon which this indictment is brought. St. 1845, *c.* 27. Gen. Sts. *c.* 165, § 9.

It was not the duty of the presiding judge to advise the jury to acquit upon the uncorroborated testimony of the witness Goff, and his comments upon her testimony were sufficiently favorable to the defendant, and were not open to exception by him.

The motion to quash was also properly overruled. The ground chiefly relied upon is, that there is no sufficient allegation that the act charged was committed upon a woman. The indictment does not in terms allege that Georgiana Goff is a woman, but the language used necessarily imports this. If all the allegations of the indictment are proved, it necessarily shows that the act alleged was committed upon a woman.

The only other ground relied on is that there is "no sufficient allegation of intent, it being uncertain from the indictment whether the intent charged was the intent of the defendant or of the other party to the alleged act ; " but the indictment clearly charges that the defendant committed the acts alleged with the intent to cause and procure the miscarriage of the said Goff, and it admits of no other reasonable construction. We are of opinion therefore that the indictment is sufficient.

*Exceptions overruled.*