## Court of Appeals.

*February*, 1885.

## PEOPLE *v.* VEDDER.

(Affirming 3 *N. Y. Crim. Rep.* 23.)

PERSON UPON WHOM ABORTION PERFORMED NOT ACCOMPLICE.

A person upon whose body an abortion is committed, is not an accomplice in the commission of the crime, and does not require corroboration. Such a person is not guilty of the crime of abortion, but is guilty of a separate and distinct offense.

APPEAL by Alfred Vedder, defendant, from a judgment of the General Term of the Supreme Court in the Third Department, of November 23, 1884, affirming a judgment of the Court of Sessions of Albany county, of April 18, 1884, convicting him of the crime of abortion.

For the facts and points of counsel, see the report of the case at General Term, *ante*, p. 23.

*J. H. Clute*, for defendant, appellant.

*D. Cady Herrick*, district attorney, for the people.

RUGER, Ch. J.—No question requiring serious consideration is presented by this appeal, unless it is that relating to the rule of evidence applicable to the testimony of an alleged accomplice.

If it should be held, however, that a person upon whose body the crime of abortion is committed, is, in a legal sense, an accomplice in the commission of the crime, the rule applied in this case would not offend against the provisions of section 399

of the Code of Criminal Procedure, inasmuch as the jury were expressly charged by the court, with the consent of the district attorney, that they should acquit the defendant, unless they found that her testimony was corroborated by other evidence tending to connect the defendant with the commission of the crime.

This was the rule adopted on the trial of this case, by the concession of all parties, and the defendant was not injured by the statement of the court, that the witness could not be regarded technically as an accomplice in the commission of the crime. Although the rule requiring corroboration is one which, in the exercise of that caution and tenderness which the common law always entertains for the rights of person accused of crime, should be applied in all cases when the witness is in any way culpably implicated in the commission of the crime, yet we do not think the witness in this case is an accomplice, within the meaning of the Code requiring such corroboration as matter of law.

It was held in the case of Dunn *v.* People, 29 *N. Y.* 523, that "she did not stand legally in the situation of an accomplice, for although she no doubt participated in the moral offense imputed to the defendant, she could not have been indicted for that offense; the law regards her rather as the victim than the perpetrator of the crime."

The statute of 1845, under which that case was considered, did not, so far as the question under consideration is concerned, differ in material respects from the provisions of the Penal Code. In both statutes the act of the witness in submitting to the perpetration of the crime is made a distinct and separate offense,* and is punishable by a different penalty, and impliedly excludes her from the penalties prescribed for those who produce her miscarriage by the use of drugs, medicines or instruments.

The language of section 294, fairly construed, implies that the person upon whom this operation is performed cannot be one of the persons guilty of the offense described.

It is there provided, "That a person who with intent to

---

* This is defined and the punishment declared by *Pen. Co.* § 295.

procure the miscarriage of a woman" either "prescribes, supplies or administers to a woman, etc.," or "uses or causes to be used any instrument or other means" upon her, "is guilty of abortion." The statute plainly contemplates two persons as co-operating in the commission of the crime, the one being the guilty person, against whom the penalties of the statute are directed, and the other the subject upon whose body the crime is committed. It then proceeds to define the respective crimes committed by the respective persons participating in the act, and pronounces different penalties for the respective offenses. It is quite clear that the woman spoken of in the statute is not regarded as one of the persons who could be guilty of the crime described in the 294th section, and that she could not therefore be indicted under that section. Even though there may be no difference, in a moral point of view, as to the guilt imputable to the respective participators in the act of abortion, yet the statute has made a distinction in the cases, and the one cannot be punished as a principal or accomplice in the crime which is attributable by the statute to the other. State *v.* Hyer, 10 *Vroom*, 599.

This doctrine is also supported by the following cases: Commonwealth *v.* Wood, 11 *Gray*, 85; Commonwealth *v.* Boynton, 116 *Mass.* 343; Watson *v.* State, 9 *Texas App.* 237.

We regard the proposition as too well settled by authority, and too salutary in practice to be now questioned.

It follows that the various exceptions based upon the assumption, that the witness was an accomplice and required corroboration, were not well taken.

The judgment should be affirmed.

All concur.