## COMMONWEALTH *vs*. SHERMAN FOLLANSBEE.

Suffolk.   November 23, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Indictment — Exclusion of Witnesses from Court-room — Evidence —Joinder of Counts — Accomplice.*

In an indictment on the Pub. Sts. c. 207, § 9, for procuring a miscarriage, an averment that the woman was pregnant is not necessary.

In a criminal case it is within the discretion of the presiding justice to refuse to exclude the witnesses not under examination from the court-room.

On an indictment for procuring a miscarriage, the testimony of a physician relative to the condition of the woman ten days after the alleged operation is admissible.

Where the several counts of an indictment for procuring a miscarriage set forth separate offences, it was *held* that the counts were properly joined in one indictment, and that it was competent for the jury to find the defendant guilty on one or more of them.

On an indictment for procuring a miscarriage, the woman on whom the operation is alleged to have been performed is not an accomplice, and the court cannot say, as matter of law, that a third person, who procured ether which the defendant administered to such woman, is an accomplice, it appearing that the exceptions did not show that the party knew the purpose for which the ether was to be used.

INDICTMENT, in six counts, on the Pub. Sts. c. 207, § 9, alleging in the second count that the defendant on September 25, 1890, at Boston, " feloniously and unlawfully did use a certain instrument, the name of which and a more particular description of which are to said jurors unknown, by then and there forcing and thrusting the instrument aforesaid into the body and womb of a certain woman, to wit, one Ida C. Stewart, otherwise called Ida C. Stuart, with intent of him, said Follansbee, thereby to cause and procure the miscarriage of said Ida, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."   The first, third, fourth, and fifth counts differed from the second only in alleging the time to be September 24, 26, 27, and October 1, 1890, respectively. The sixth count alleged that the defendant on September 27, 1890, at Boston, " with intent to procure the miscarriage of a certain woman, to wit, one Ida C. Stewart, otherwise called

Ida C. Stuart, did feloniously and unlawfully use some unlawful means, to the said jurors unknown, with said intent," concluding as in the second count.

In the Superior Court, before the jury were impanelled, the defendant moved to quash the indictment on the ground, among others, as follows: " 2. Because there is no averment that the woman was big, quick, or pregnant, or what the effect and result, if any, of the alleged use . . . was." *Staples,* J. overruled the motion, and the defendant excepted.

At the trial the government called a number of witnesses, and the defendant moved that the witnesses not under examination be excluded from the court-room during the examination, offering to apply the same rule to his own witnesses. There was no contention that the situation made this impossible or inconvenient. The judge overruled the motion; and the defendant excepted.

Ida C. Stewart was a witness for the government, and testified, among other things, that on September 24, 1890, she applied to the defendant, who held himself out as a physician, and informed him that she was pregnant; that the next day she visited him at his office, and the defendant, after telling her it would be necessary to perform an operation upon her, inserted into her womb a sharp instrument; that upon succeeding days, upon one of which he administered ether to her, he again inserted the instrument into her womb, whereby she became so ill that she was taken to the City Hospital.

Maud Stewart, the sister of Ida C. Stewart, testified that on October 2, 1890, the defendant wrote on a paper a prescription for ether, and Ida C. Stewart then gave her a ten-dollar bill to go to an apothecary and get it; that she thereupon went with it to an apothecary's, and the man in charge gave her a tin can wrapped in paper; and that she brought it back to the house and gave it to the defendant, and then left the room.

Mrs. Mary Higgins testified that Ida C. Stewart had a room at her house, 77 Dover Street, in October, 1890, and that for a few days Ida was very sick, and was attended by the defendant; that she never saw any operation by the defendant on Ida, and knew of none; but that at one time her house became so full of ether that it made her sick.

Doctor Nelson C. Haskell was called by the government, and testified that he was, in October, 1890, house physician at the City Hospital, and had Ida C. Stewart in his general charge when she was there; that she was delivered of a fœtus while there, on October 9, 1890; and that on October 3 he made a vaginal examination of the person of Ida C. Stewart. The government then asked the witness what was the result. This was objected to, but admitted, and the defendant excepted. The witness was then permitted to state, subject to the defendant's objection, that there was a good deal of blood about her person, from her private parts. The witness was further asked if he made an examination of the person of Ida, and what condition he found her in. This was objected to, but was admitted, and the defendant excepted.

The defendant asked the judge to instruct the jury, among other things, as follows:

"First. Under this indictment the government can claim or have a conviction on but one count."

"Third. As, if death had ensued, there could have been but one offence, no more can be claimed in this case, where death is not claimed.

"Fourth. Maud Stewart is in law an accomplice.

"Fifth. So also is Ida Stewart."

"Eleventh. There has been no testimony offered by the government or put into the case which, in legal character and quality, is corroborative of either of the Stewarts," etc.

"Twelfth. Although the jury have the right, in their discretion, to convict on the uncorroborated testimony of an accomplice, it is never advisable to do so.

"Thirteenth. It is especially not advisable to do so unless the accomplice is a perfect witness."

Of these requests, the judge refused to give the first, third, fourth, and fifth, and the eleventh, but it did not appear whether the judge gave or refused to give the twelfth and thirteenth. Upon the subject matter of the fourth request, the judge left to the jury the question whether or not, on the evidence, Maud Stewart was an accomplice. On the single matter of the fifth request, the court instructed the jury in the language of the opinion in *Commonwealth* v. *Boynton,* 116 Mass. 343, as to Ida C.

Stewart not being an accomplice.   On the subject matter of the third request, the judge instructed the jury that they might, if they thought the evidence justified them, convict the defendant on all or any of the counts except the last, which was not before them ; and when they returned to report a verdict they would be asked by the clerk as to each of said counts.

The jury returned a verdict of guilty on the second count, and acquitted him on the others ; and the defendant excepted.

*G. W. Searle*, for the defendant.

*A. E. Pillsbury*, Attorney General, & *G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

LATHROP, J.   1. The only ground relied on in the defendant's brief, in support of the motion to quash the indictment, is that it was not averred in the second count that the woman was pregnant.   Such an averment is unnecessary.   *Commonwealth* v. *Taylor*, 132 Mass. 261.

2. It was within the discretion of the presiding justice to refuse to exclude the witnesses not under examination from the court-room.   The authorities on this subject are collected in 1 Greenl. Ev. § 432, and in 1 Bish. Cr. Proc. (3d ed.) § 1189.

3. The testimony of Dr. Haskell was rightly admitted.   It related to the condition of Ida C. Stewart ten days after the act alleged to have been done by the defendant.   Similar evidence was admitted in *Commonwealth* v. *Wood*, 11 Gray, 85, although in that case a month had elapsed between the operation and the time the witness testified to.

4. The several counts of the indictment set forth separate offences, which were properly joined in one indictment, and upon one or more of which it was competent for the jury to find the defendant guilty.   *Commonwealth* v. *Brown*, 121 Mass. 69.   The first and third requests for instructions were properly refused, and there was no error in the instructions given.

5. It is well settled in this Commonwealth that, on an indictment of this kind, the person on whom the operation is alleged to have been performed is not an accomplice.   *Commonwealth* v. *Wood*, 11 Gray, 85.   *Commonwealth* v. *Boynton*, 116 Mass. 343.   *Commonwealth* v. *Brown*, 121 Mass. 69.   The fifth request for instructions was properly refused.

6. The fourth and eleventh requests for instructions were

also properly refused. The presiding justice left to the jury the question whether Maud Stewart was an accomplice, and gave most of the defendant's requests for instructions on the weight to be given to the testimony of an accomplice. Whether the twelfth and thirteenth requests were given or not given does not appear.

We cannot say, as matter of law, that the evidence showed that Maud Stewart was an accomplice, or that her testimony was not corroborated. The only evidence tending to show that she was an accomplice is that relating to her procuring ether, which the defendant administered to Ida C. Stewart; but the exceptions do not show that she knew the purpose for which it was to be used. Her testimony was corroborated by her sister and by Mrs. Higgins.        *Exceptions overruled.*