# Court of Appeals.

May 6, 1892.

## PEOPLE v. JOHN H. PHELPS.

(44 St. Rep. 910; 133 N. Y. 267.)

Abortion—What constitutes.

> The mere suggestion or advice to go to a physician and get some medicine to procure an abortion, without evidence of its being acted upon, does not create the offense under section 294 of the Penal Code.

Appeal from judgment of the supreme court, general term, third department, reversing judgment and conviction of the crime of abortion.

Charles A. Kellogg, for appellants.

V. P. Abbott, for respondent.

GRAY, J.—The defendant was accused in the indictment of the crime of abortion, alleged to have been committed by advising Sarah Nicholson to take a medicine, drug or substance and to use means to procure such miscarriage. He was thereupon tried, convicted and sentenced. The general term reversed the judgment of conviction, on the ground in substance, that under section 294 of the Penal Code, the provisions of which were deemed to have been violated by the defendant, the crime of abortion is not made out by proof of mere advice to take medicine. We agree with them in their interpretation of this section. That section provides that: "A person who, with intent thereby to procure the miscarriage of a woman, unless the same is necessary to preserve the life of the woman, * * * advises or causes a woman to take any medicine, drug or substance * * * is guilty of abortion, and is punishable," etc. This section is found in the chapter on "Abortion," and immediately precedes one which subjects the woman who takes the medicine, drug or substance with intent to produce miscarriage, to punishment by imprisonment. In this case, the evidence showed

that the defendant's advice to the woman was given when she was pregnant, and was in substance that she should go to a certain physician and get some medicine to produce an abortion, and that she could produce the abortion if used at the right time. This advice was not acted upon, and it did not appear that she ever took anything at all, in the way of medicine or drug. It would be a very strict and literal, if not an extraordinary, construction of this section to hold that proof of the mere suggestion, or advice, without evidence of its being acted upon, could convict a man.

The courts are enjoined to construe the provisions of the Penal Code "according to the fair import of their terms, to promote justice and effect the objects of the law" (§ 11), and such a conviction would seem to be very opposed to such a command. The object of our penal law is to define the nature of crimes and to prescribe their appropriate punishments. While it would be perfectly competent for the legislature to impose a punishment for the mere giving of advice to a woman to take a medicine to procure an abortion, irrespective of its being acted upon, I do not think that we are warranted in saying that that was their intention here. For a man to be "guilty of abortion," within the provisions of this chapter, who has advised the woman to take a drug, it is necessarily and logically to be implied that his advice should have been followed by the act. Otherwise, we should have to draw the apparently absurd conclusion that the legislature intended that abortion could be committed or caused by the act of offering advice. The chapter and its provisions, with respect to the man and the woman and to the manufacturer, giver or vendor of medicines, concern facts and the commission of criminal acts. Assuming that the defendant gave the advice of which accused, it does not appear that the woman took it and, therefore, the fact was wanting to constitute an element of the crime charged. He was accused of the crime of abortion; not of an attempt to commit the crime.

The order of the general term should be affirmed.

All concur.