# YEAGER *v.* THE UNITED STATES.

CRIMINAL LAW; INDICTMENT; CARNAL KNOWLEDGE; EVIDENCE;
ACCOMPLICE; MISCONDUCT OF PROSECUTING ATTORNEY.

1. In a prosecution under the act of Congress of February 9, 1889
    (25 Stat. 658), for carnal knowledge of a female under the age
    of 16 years, as in criminal prosecutions generally, it is unnec-
    essary to prove the commission of the act on the particular
    day charged in the indictment, or upon any other day certain;
    but proof of its commission before the finding of the indict-
    ment and within the period of limitations is sufficient.

2. In such a prosecution, where the father of the prosecutrix in
    testifying as a witness for the prosecution states on cross-ex-
    amination that in a conversation with the defendant concern-
    ing his daughter's condition he explained to the defendant
    that she had missed her monthly period, whereupon the
    defendant advised him to see a physician and not to pay any
    attention to the women in the neighborhood; but the witness
    denies having expressed the opinion to a third person that it
    was strange if the defendant was guilty that he should have
    advised him to consult a physician, it is not error for the trial
    court to refuse to allow the defendant to prove by such third
    person that the witness had expressed such opinion.

3. The prosecutrix in a prosecution under the act of Congress of
    February 9, 1889, for carnal knowledge of a female under the
    age of 16 years, is, by force of law, a victim and not an
    accomplice, and it is therefore not error for the trial court, in
    such a prosecution, to refuse to instruct the jury, at the defend-
    ant's request, that the testimony of the prosecutrix must
    be corroborated on all material points, because she must be
    considered as an accomplice.

4. Even assuming that the prosecutrix in such a prosecution might
    be indicted for fornication under the act of Congress of March
    3, 1887 (24 Stat. 635), she would not thereby become an accom-
    plice of the defendant in the crime for which he was being pros-
    ecuted and which he alone could commit. The two offenses
    being separate and distinct, it is immaterial that the evidence
    which convicts him of one offense might convict her of
    another.

5. The defendant, in such a prosecution, was asked if his former
    wife was in court, and on objection by the prosecuting attor-
    ney, his counsel stated that she was there for the purpose of

persecuting the defendant, to which the prosecuting attorney replied that if counsel would acquaint themselves with the divorce proceedings they would see that they teemed with the defendant's immorality. On defendant's counsel objecting to such statement, the trial court told the jury that they were to consider only the evidence and were to disregard remarks of counsel. No exception was taken or motion made on behalf of the defendant to withdraw a juror and continue the case. *Held*, that the trial court did all that was reasonably within its power under the circumstances and there was no error in its action.

No. 951. Submitted March 14, 1900. Decided April 3, 1900.

HEARING on an appeal by the defendant from a judgment of conviction and sentence by the Supreme Court of the District of Columbia entered upon the verdict of a jury in a prosecution for carnal knowledge of a female under the age of 16 years. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Heber J. May* and *Mr. F. Edward Mitchell* for the appellant.

*Mr. Thomas H. Anderson,* U. S. Attorney for the District of Columbia, and *Mr. Ashley M. Gould,* Assistant Attorney, for the United States.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The appellant, Lewis J. Yeager, was convicted under an indictment in the Supreme Court of the District of Columbia, charging that he did, in said District, on March 1, 1899, carnally and unlawfully know one Edith Schnebel, who was then and there a female under the age of sixteen years.

The statute creating the offense was approved February 9, 1889, and reads as follows:

"Every person who shall carnally and unlawfully know any female under the age of sixteen years, or who shall be accessory to such carnal and unlawful knowledge before the fact in the District of Columbia or other place, except the

territories, over which the United States has exclusive juris-
diction, . . . shall be guilty of a felony, and when
convicted. thereof shall be punished by imprisonment at
hard labor, for the first offense for not more than fifteen
years and for each subsequent offense not more than thirty
years." 25 Stat. p. 658.

2. When the testimony on behalf of the Government
had been introduced, the defendant moved the court to take
the case from the jury on the ground "that no specific date
had been proved, and the time not definitely fixed, thus
depriving the defendant of his means of defense." And
the first assignment of error is founded on an exception
taken to the refusal of the court to grant this motion.

The evidence tended to show that the first unlawful act
was committed in the office of the defendant on one Satur-
day afternoon in the latter part of January, 1899, and that
the girl, who was then 14 years of age, visited the same
place weekly, and for the same purpose, until about the
middle of March. After that their illicit intercourse was
had at the room of the defendant, No. 515 Second street
northwest, until the middle of May, 1899. The condition
of the girl induced a medical examination in June, and
the indictment was presented September 29, 1899.

The rule is well established that, in criminal prosecutions
generally, proof of any day before the finding of the indict-
ment, and within the period of limitations, will be sufficient.
*Ledbetter* v. *United States*, 170 U. S. 606, 612; *Lauer* v. *Dist.
of Col.*, 11 App. D. C. 453.

The statute creating this offense does not require proof of
the commission of the act on the particular day charged in
the indictment, or upon any other day certain, and there is
nothing in the nature of the offense itself that requires it
to be made an exception to the general rule. The possibil-
ity of prejudice to the defendant is no greater in this than
in many other cases where the penalty is severe. His pro-
tection lies in the requirement that the actual commission

of the offense shall be proved beyond a reasonable doubt. To go farther, and require proof also of the particular day, with the same degree of certainty, would raise a serious impediment to the enforcement of the law for which no sound reason can be assigned.

3. The second assignment of error was submitted without argument on behalf of the appellant.

The bill of exceptions shows that the father of the girl was a witness for the prosecution. On cross-examination, he said that he had a conversation with defendant in the latter part of March concerning his daughter's condition and explained to him that she had missed her monthly period. Defendant advised him to see a physician and not to pay any attention to women in the neighborhood, as they would know nothing about it; that he should take no chances, but see a physician at once. He then denied having said to one Closs, "that he thought it strange, if Yeager was guilty, that he should have advised him in March to obtain a physician for his daughter."

Closs was afterwards offered to prove that witness had made the foregoing statement to him; but upon objection of the District Attorney his evidence was excluded.

There was no error in sustaining the objection. The defendant had the benefit of the witness' statement of the conversation between them. Witness' opinion, founded thereon, as to the guilt or innocence of the defendant, was not a fact for the consideration of the jury, and hence could afford no foundation for his impeachment.

4. The third assignment of error is on the refusal of the court to instruct the jury, at the request of the defendant, that the testimony of the prosecutrix must be corroborated on all material points, because she must be considered an accomplice.

We can not concur in this view of the relations of the parties.

An accomplice is one who is associated with another, or

others, in the commission of a crime. Liability to indictment, under ordinary conditions, is a reasonable test of the legal relation of the party to the crime and its perpetrator.. *Com.* v. *Wood*, 11 Gray, 85, 93; *Watson* v. *State*, 9 Tex. Ct. Appeals, 237, 244; *Com.* v. *Boynton*, 116 Mass. 343, 345.

The offense here charged is akin to the pre-existent crime of rape, and may be called its supplement. This supplemental act was intended to provide an additional protection to females between the age of consent at common law and that of sixteen years.

The carnal knowledge of, sexual intercourse with, a female under the age of sixteen years is declared a crime on the part of the male.

He alone is punishable for the commission of the act. The consent of the female can constitute no defense. She is made incapable of consent to her own defilement. The crime is committed against her, and not with her. She is, by force of the law, victim and not *particeps criminis* or accomplice. *Hamilton* v. *State*, 36 Tex. Cr. Rep. 372, 374; *Bond* v. *State*, 63 Ark. 504, 506. See, also, *Com.* v. *Follansbee*, 155 Mass. 274, 277; *State* v. *Hyer*, 39 N. J. L. 598, 601; *State* v. *Owens*, 22 Minn. 238; *Willingham* v. *State*, 33 Tex. Cr. Rep. 98; *State* v. *Smith*, 99 Iowa, 26, 34; *People* v. *Vedder*, 98 N. Y. 630, 632; *People* v. *Goulette*, 82 Mich. 36, 39; *Whittaker* v. *Com.*, 95 Ky. 632.

Another argument in support of this assignment remains to be considered.

The act of Congress, approved March 3, 1887 (24 Stat. 635), and commonly called the Edmunds Act, has been held to apply, in some of its parts, to the District of Columbia. *Chase* v. *United States*, 7 App. D. C. 149.

The fifth section of that act provides a punishment for fornication. The contention is, that the prosecutrix, by her own testimony, is guilty of that offense, at least, and for that reason must be regarded as an accomplice of defendant

in the commission of the more serious offense of which that evidence tends to convict him.

It is not necessary to determine whether, since the enactment of the statute creating the crime of which the appellant has been found guilty, a female under the age of sixteen years can be punished for the offense of fornication under the older law. Assuming that she may be punished, we are unable to give our assent to the proposition, that she thereby becomes an accomplice of the appellant in the crime which he alone could commit. As has been before said, liability to indictment for the same offense is a reasonable test of the relations of accused persons. The two offenses are separate and distinct, and it matters not that the evidence which convicts him of an offense might also convict her of another. *People* v. *Vedder*, 98 N. Y. 630, 632. In that case, defendant was convicted of the crime of abortion upon the uncorroborated testimony of the woman upon whose body the crime had been committed. One section of the statute made it a crime for any person to cause an abortion, and another provided a penalty for the woman submitting and consenting thereto. The conviction was sustained on appeal, the court saying: "Even though there may be no difference in a moral point of view as to the guilt imputable to the respective participators in the act of abortion, yet the statute has made a distinction in the cases, and the one can not be punished as principal or accomplice in the crime which is attributable by the statute to the other." See, also, *State* v. *Hyer*, 39 N. J. L. 598, 600; *Whittaker* v. *Com.*, 95 Ky. 632.

5. During the examination of the defendant as a witness on his own behalf, his counsel asked him if his former wife was in the courtroom. Objection was made on behalf of the prosecution and the court inquired the object of the question. Defendant's counsel replied that she was in the courtroom for the purpose of persecuting the defendant. The counsel representing the Government, protested against

this assertion, and said that "if defendant's counsel would acquaint themselves with the contents of the original and supplemental bills in the divorce proceeding, which he held in his hand, they would find that they teemed with the immorality of the defendant." Counsel for defendant objected to this statement and stated to the court that "it was his intention to make what he termed the misconduct of the District Attorney the basis of a motion at the proper time; the court having remarked at a previous stage of the trial, that the divorce proceeding would not be admitted for the purpose of impeaching the character of the defendant." The bill further recites that, "the court, turning to the jury, directed them to disregard statements of counsel, and instructed them that their duty was to consider the testimony in the case, and that alone; and whatever had been said by counsel must be absolutely disregarded, as the duty of the jury was to pass upon the evidence as it came from the witnesses and not to consider remarks made by counsel."

By this positive direction to the jury, and implied admonition to counsel, the presiding justice did all that was reasonably within his power under the circumstances. The defendant took no exception. The justice having done all that he was called upon to do, there was no ground for an exception to his action. He could not, of his own motion, withdraw a juror and continue the case for trial before another jury, without affording the defendant, probably, good foundation for a plea of former jeopardy. The defendant made no such motion. If, as had been stated, he contemplated a motion of that, or any other nature, founded on the incident, he abandoned the idea and proceeded with the trial. Having thus elected to take the chance of a verdict, without motion or exception, there is no foundation for the assignment of error.

Had there been such foundation laid, we are not prepared to say that there was enough in the incident, closed in the manner that it was, to warrant the reversal of the judgment.

*Dunlop* v. *United States*, 165 U. S. 486, 498; *Price* v. *United States*, 14 App. D. C. 391, 400. See, also, *Brady* v. *United States*, 1 App. D. C. 246.

That the record does not show a withdrawal of the objectionable statement, or an apology therefor by the counsel making it, seems to us of no consequence under the circumstances of this case.

The decision in *Waldron* v. *Waldron*, 156 U. S. 361, 383, that is relied on to sustain appellant's contention, was founded upon the special circumstances of the case, which brought it within an exception to the general rule that was recognized and followed in the latter case of *Dunlop* v. *United States*, *supra*. The application of the objectionable statement to the main issue of the case was direct; and it was made with great force by plaintiff's counsel in the opening argument to the jury. Exception was duly taken then and there. The statement was not only not withdrawn; but, as stated in the opinion reversing the case, "the same line of argument, in an aggravated form, was resorted to by the counsel who followed in closing the case. Indeed, the language. of this counsel invited the . jury to disregard the finding of the court, by looking beneath the facts which were lawfully in evidence."

That case is, therefore, readily distinguishable from this.

It follows, from what has been said, that the judgment must be affirmed. *Affirmed.*

An application to the Supreme Court of the United States for a writ of *certiorari* was denied.