# Commonwealth, Appellant, *v.* Weible.

*Criminal law—Abortion—Abortion by woman upon herself.*

Under the Act of March 31, 1860, sec. 88, P. L. 382, 404, a woman cannot be convicted of committing an abortion upon herself.

Argued Oct. 4, 1910.   Appeal, No. 44, April T., 1911,

by plaintiff, from order of Q. S. Cambria Co., Dec. T., 1909, No. 148, sustaining motion in arrest of judgment in case of Commonwealth v. May Weible. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Indictment for abortion. Before O'Connor, P. J.

At the trial the jury returned a verdict of guilty, but subsequently the court arrested judgment on the ground that a woman could not be convicted in Pennsylvania either under the common law or under the statute law of administering drugs to herself with intent to procure a miscarriage.

*Error assigned* was in arresting the judgment.

*J. W. Leech*, with him *D. P. Weimer*, for appellant, cited: Com. v. W., 3 Pitts. 462; Wells v. Ins. Co., 191 Pa. 207.

There was no appearance or paper-book filed for appellee.

Opinion by Orlady, J., March 1, 1911:

This defendant was convicted, under sec. 88 of the Act of March 31, 1860, P. L. 382, 404, of unlawfully administering to herself a poison, drug or substance with intent to procure the miscarriage of a child with which she, at that time, was pregnant.

The court sustained a motion in arrest of judgment, for the reason that the act does not apply to the case of a woman who procures an abortion on herself, and that it is not an offense at common law in this state.

At common law in England the destruction of an unborn infant is a misdemeanor, and at an earlier period it seems to have been deemed homicide: 1 Russ. on Crimes, 671. It has also been held to be a misdemeanor in this state: Mills v. Commonwealth, 13 Pa. 627, in which case

it was said, "It is a flagrant crime, at common law, to attempt to procure the miscarriage or abortion of a woman; because it interferes with and violates the mysteries of nature, in that process by which the human race is propagated and continued. It is a crime against nature which obstructs the formation of life, and therefore it is punished." But that was a case in which the mother of the child was not indicted. The woman on whom the abortion has been performed is a competent witness against the defendant, even though she be regarded as an accomplice: 1 Whar. Crim. Ev., sec. 440.

In all cases the indictment must conform to the statute limiting and defining the offense: 1 Whar. Crim. Law, 597, and unless the offense is defined by statute, the mother who commits it on herself cannot be punished in this state, however heinous and unnatural it may be, and in order to secure her conviction the necessity for such a statutory declaration has been regarded as essential.

In England by 24 and 25 Vict., c. 100, sec. 58, a person who commits an abortion on herself is equally guilty with the person who commits an abortion on another and in most of the United States there is a provision made by statute for such a crime, but without such the woman who commits an abortion on herself is regarded rather as the victim than the perpetrator of the crime: Com. v. Wood, 77 Mass. 85; State v. Murphy, 27 N. J. L. 112; State v. Hyer, 39 N. J. L. 598; Com. v. Boynton, 116 Mass. 343; Solander v. People, 2 Colo. 48; Smith v. Gaffard, 31 Ala. 45; Hatfield v. Gano, 15 Iowa, 177; Dunn v. People, 29 N. Y. 523, 86 Am. Dec. 319. By a statute in New York, sec. 295 of the Penal Code of 1891, it was made a crime: People v. Meyers, 5 N. Y. Crim. Reports. 120. A similar statute is operative in California, sec. 275, Penal Code. It seems that such legislation was deemed necessary in each of these states in order to convict the mother of the crime of abortion on herself.

In State v. Cooper, 22 N. J. L. 52, 51 Am. Dec. 248, Judge GREEN says: "We are of the opinion that the pro-

210   COMMONWEALTH, Appellant, *v.* WEIBLE.

Opinion of the Court—Dissenting Opinion.   [45 Pa. Superior Ct.

curing of an abortion by the mother, or by another with her consent, is not an indictable offense at common-law. There is neither precedent nor authority for it.  If the good of society requires that the evil should be suppressed by penal infliction, it is far better that it should be done by legislative enactment than that the courts should by judicial construction extend the penal code or multiply the object of criminal punishment."  See also Abrams v. Fooshee, 3 Iowa 273, 66 Am. Dec. 77.

The words used in sec. 88 of the code under which this indictment is framed, reasonably imply that the actor in the crime is intended to be some person other than the mother, and they must be given a strained and artificial construction to include her.  This is the more apparent by sec. 89 which makes it an offense for any woman either by herself, or the procurement of others, to conceal the death of a bastard child.  The omission of like apt words indicates that the codifiers did not mean to make the mother liable under sec. 88.

The conclusion reached by the trial judge is in accord with the great weight of authority, and the judgment is affirmed.


RICE, P. J., dissenting:

In Mills v. Com., 13 Pa. 627, the court said: "It is a flagrant crime at common law to attempt to procure the miscarriage or abortion of a woman, because it interferes with and violates the mysteries of nature in that process by which the human race is propagated.  It is a crime against nature which obstructs the fountain of life and therefore it is punished."  In Wells v. New England Mutual Life Ins. Co., 191 Pa. 207, the court quoted the above language and followed it by this statement from 1 Whart. on Criminal Law, sec. 599: "All parties concerned in the offense are responsible, whatever may be the part they take."  The court then went on to say: "We do not think it can be questioned that the woman who solicits the commission of the offense, and submits her body for its

perpetration, can be regarded as other than a participant in its commission, and is therefore criminally responsible. Viewed in that light in the present instance, the deceased comes directly within the operation of the prohibitory clause of the policy, for she was actually engaged in the violation of the criminal law of Massachusetts, where the contract was made, and of Pennsylvania, where she was at the time the offense was committed." The indictment under consideration in the present case is broad enough to cover the offense, whether it be regarded as a statutory · or common-law offense. The order arresting the judgment cannot be sustained, unless it be held that the act charged in the indictment is not an indictable offense either at common law or under the statute. I am unable to reconcile that conclusion with the authoritative declaration of the Supreme Court in the case last cited, and therefore cannot concur in the affirmation of the order appealed from.

HENDERSON and BEAVER, JJ., join in the foregoing conclusion.