## Commonwealth v. Goda.

*Adultery—Woman as accomplice—Testimony of an accomplice.*

1. On the trial of a man indicted for adultery, the woman who has already pleaded guilty of adultery with him is not to be considered as an accomplice.

2. While the uncorroborated testimony of an accomplice should be received with caution, yet there is no rule of law in Pennsylvania forbidding a conviction upon the evidence of an accomplice alone.

Indictment for adultery. Rule for a new trial. Q. S. Lancaster Co., Sept. Sess., 1922, No. 81.

*John E. Malone,* for rule.

*William C. Rehm,* District Attorney, and *S. V. Hosterman,* Assistant District Attorney, contra.

LANDIS, P. J., Dec. 23, 1922.—The indictment in this case charges the defendant with the crime of adultery, in that he, being a married man, had had carnal knowledge of one Sarah Cooper. Upon the trial, he was convicted in manner and form as he stood indicted.

The only reason for a new trial insisted upon at this time is that the court should have instructed the jury that Sarah Cooper was an accomplice. When the charge was being delivered to the jury, the defendant's counsel requested that they be so instructed. This was refused, and the ground then stated was that, as adultery is a specific offence when committed by a married man, the parties did not stand towards each other in the relation of accomplices. Whether or not this proposition is sustainable must now be ascertained.

In Com. *v.* Riley, 4 Lanc. Law Rev. 243, the very question came before the Court of Quarter Sessions of Lackawanna County. Judge Archbald said that "it would be going a long way to hold that the prosecutrix was an accomplice;" and in Com. *v.* Bell, 4 Pa. Superior Ct. 187, it was held that "a woman upon whom an abortion has been committed is not a *particeps criminis,* subject to the restrictions and caution which govern and control the testimony of an accomplice." Reeder, J., delivering the opinion of the court, said: "But was she an accomplice? We can find no decision in Pennsylvania of this question, but the decisions of all the other states where this question has been directly decided is that she is not: Peoples *v.* Com., 81 Ky. 487 (9 S. W. Repr. 509) ; State *v.* Pearce, 56 Minn. 226; Com. *v.* Wood, 77 Mass. 85; Com. *v.* Follansbee, 155 Mass. 274; People *v.* Vedder, 98 N. Y. 630; State *v.* Hyer, 39 N. J. L. J.598." In Whittaker *v.* Com., 95 Ky. 632 (27 S. W. Repr. 83), it was decided that a defendant might be convicted of incest with his own daughter on her uncorroborated testimony, and that she, though consenting, was not an accomplice.

In Dunn *v.* People, 29 N. Y. 523, where a defendant was indicted for advising and procuring a pregnant woman to take a certain medicine with intent to procure her miscarriage, it was held that the female in such case does not stand in the situation of an accomplice, but that the law regards her rather as the victim than the perpetrator of the crime. See, also, Com. *v.* Wood, 11 Gray, 85.

It is true that in some of the states a contrary doctrine exists; but in most of them it has also been held that a conviction cannot be sustained on the sole testimony of an accomplice. This, however, is not the rule established in Pennsylvania. Here, it is well settled that, although the uncorroborated testimony of an accomplice should be received with caution, yet there is no rule of law forbidding a conviction upon his evidence alone: Com. *v.* Sayars, 21 Pa. Superior Ct. 75; Cox *v.* Com., 125 Pa. 94.

Commonwealth v. Goda.

I am, therefore, of the opinion that the refusal to give the instructions requested was correct. The defendant was indicted for his own act, and the woman in like manner was indicted for the offence which she committed, to which she entered a plea of guilty. They were not and could not have been indicted jointly for adultery. Each offence was complete in itself.

I do not think there is any merit in the reason suggested, and, therefore, have concluded to discharge this rule. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.