## Commonwealth v. Hauze

*Louis G. Feldmann*, district attorney, for Commonwealth.

*Thomas E. Mack*, for defendant.

PINOLA, J., April 23, 1955.—On October 6, 1954, defendant was arrested, charged with having conspired

with one Emanuel J. Franzone and a Doctor Crampton, of Harrisburg, to perform an abortion upon herself on August 2, 1954.

She was committed to jail in default of bail, but thereafter released. The charges have never been presented to any grand jury.

Her counsel contends that the transcript does not charge an indictable offense because she cannot be a coconspirator in connection with an abortion to be performed upon herself. He also takes the position that the delay in presenting the charges to a grand jury is a violation of the State and Federal Constitutions entitling her to be freed from the prosecution.

*Discussion*

In this transcript defendant is charged with a common-law conspiracy to perform an abortion, the performance of which is a crime at common law; Commonwealth v. Sierakowski, 154 Pa. Superior Ct. 321.

It is generally held that:

"There can be no indictment for conspiracy to commit a crime where the concerted action of the defendants is part of the criminal act. . . . Mrs. Feinberg and the defendant could conspire as against a third person, but they could not conspire between themselves to commit a crime in which they alone participated and which was not directed toward anyone else": Commonwealth v. Bricker, 74 Pa. Superior Ct. 234, 240.

However, that doctrine is inapplicable where the unlawful agreement is of itself an offense, and it is usually held applicable only where the agreement and the consummation thereof are so closely connected that the two constitute really but one offense: 15 C. J. S. 1074, §47. Here the conspiracy charged is between three persons; it is not limited to the two persons physically involved in the abortion.

We are aware of the cases which hold that a woman upon whom an abortion has been performed is con-

sidered a victim and not an accomplice or particeps criminis, but all those cases involve a statutory abortion as distinguished from a common-law abortion, and the question to be resolved is usually her qualification as a witness. See Commonwealth v. Weible, 45 Pa. Superior Ct. 207.

Our Supreme Court has made it very clear that abortion at common law is a crime and may be committed by the woman herself.

In Wells v. New England Mutual Life Insurance Co., 191 Pa. 207, the court said:

" 'It is a flagrant crime at common law to attempt to procure the miscarriage or abortion of the woman, because it interferes with and violates the mysteries of nature in that process by which the human race is propagated. It is a crime against nature which obstructs the fountain of life and therefore it is punished.' In 1 Whart. on Criminal Law, sec. 599, it is said, 'All parties concerned in the offense are responsible, whatever may be the part they take.' We do not think it can be questioned that the woman who solicits the commission of the offense, and submits her body for its perpetration, can be regarded as other than a participant in its commission, and is therefore criminally responsible."

Assuming for the moment that she is not particeps criminis, we believe that she may properly be charged with conspiracy to procure an abortion upon herself notwithstanding the dictum to the contrary in Commonwealth v. Bricker, supra.

An agreement to commit a crime may constitute a conspiracy even though one of the parties to the agreement was himself unable to commit the contemplated crime. In such case the conspirator, who is incapable of committing the substantive crime, is guilty equally with the others: 15 C. J. S. 1074, §47, and 1105, §73(b).

In Queen v. Whitchurch et al., 24 L. R. (Queen's Bench Division) 420 (1890), an abortion case, Lord Coleridge declared, all justices concurring:

"The prisoner is charged with the offense of conspiracy—that is, a combination to commit a felony—and I cannot entertain the slightest doubt that if three persons combine to commit a felony they are all guilty of conspiracy, although the person on whom the offense was intended to be committed, could not, if she stood alone, be guilty of the intended offense."

See also Solander v. People, 2 Col. 48; State v. Crofford, 133 Iowa 478, 110 N. W. 921; People v. Buffum, 40 Cal. 2d 709, 256 P. 2d 317, and In re Vince, 2 N. J. 443, 67 A. 2d 141.

Concerning the second proposition, counsel points out that three sessions of the grand jury have been held without consideration of the charges against defendant.

The two-term rule does not apply when petitioner is not in custody but out on bail (Commonwealth v. Seevers, 26 D. & C. 344; Commonwealth ex rel. Holly v. Ashe, 368 Pa. 211), and it has been held that the constitutional guarantee of a speedy trial (art. 1, sec. 9), does not warrant anything beyond a discharge from imprisonment where indictment or trial is delayed: Commonwealth v. Hershey, 53 Lanc. 379, 22 C. J. S. 730, §474.

In Commonwealth v. Mitchell, 349 Pa. 559, the court affirmed on the opinion of Judge Baldrige, 153 Pa. Superior Ct. 582, who held that a defendant was properly discharged on habeas corpus for want of trial after four terms, but the discharge did not prevent subsequent trial either under the two-term statute (Act of March 31, 1860, P. L. 427, sec. 54, 19 PS §781), or under the speedy public trial provision of the Constitution.

Since a dismissal for delay in returning an indictment is not a bar to a subsequent prosecution, there is

no point in dismissing these proceedings when the district attorney is awaiting the final outcome of the charge against one of defendant's coconspirators in Dauphin County: 22 C. J. S. 401, §264.

Therefore, we enter the following

*Order*

Now, April 23, 1955, at 11 a.m., the motion to quash the transcript is denied.