John J. Walsh, J.
This motion to inspect the Grand Jury minutes may be denied upon the technical ground that insufficient is shown in the moving papers to warrant the granting of such an application.
Such a decision leaves unanswered the very interesting question raised by defense counsel as to whether an alleged abortee is guilty of a crime and whether a person can violate section 80 of the Penal Law by merely advising the abortee of the location of an abortionist.
It is apparently conceded that the defendant did not participate in the actual claimed abortion.
The underlying basis of the indictment appears to rest upon the wording of section 2 of the Penal Law which defines as a “principal”: “A person concerned in the commission of a crime, whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces or procures another to commit a crime, is a ‘ principal ’.”
The argument of defense counsel to the effect that the abortee is not guilty of a crime under section 80 of the Penal Law (old section 294 of the Penal Code from which it was derived) appears to be sound.
While it would seem that such legislation designed to protect the natural right of unborn children to life would include the guilt of the abortee herself if she solicited or consented to an abortion, the decisional law of this State has been to the contrary, partly as a result of a construction of the exact wording of section 80 and partly in the effort to avoid the difficulty of evidence which would result from holding the abortee to be an accomplice of the actual abortionist.
Section 80 of the Penal Law reads: “A person who, with intent thereby to procure the miscarriage of a woman ” either prescribes, supplies or administers or advises or causes a woman to take any medicine, drug, or substance, or uses, or causes to be used any instrument or other means, is guilty of abortion.
In People v. Vedder (98 N. Y. 630, 632) our Court of Appeals clearly held: “ It is quite clear that the woman spoken of in the statute is not regarded as one of the persons who could be guilty of the crime described in the 294th section [Now Penal Law, Section 80] and that she could not, therefore, be indicted under that section. Even though there may be no difference in a moral point of view as to the guilt imputable to the respective participators in the act of abortion, yet the statute has made a distinction in the eases, and the one cannot be punished as a *460 principal or accomplice in the crime which is attributable by the statute to the other ’ ’.
While it is clear that the abortee is not guilty of a crime under section 80 of the Penal Law, there is another section, section 81 of the Penal Law which does attach a criminal liability to the abortee. (People v. McGonegal, 136 N. Y. 62, 76.) We are not concerned however with this section in the case at bar.
The statute itself does provide for a situation in which a person would be guilty of advising the abortee to take a drug, medicine or other substance. Of course, to constitute the crime of abortion as distinguished from an attempt to commit such crime, there must be evidence that the drug, medicine or other substance must have been taken by the abortee (People v. Phelps, 133 N. Y. 267, 270).
In the case at bar, however, the indictment is based upon the second subdivision of section 80 relating to the use of an instrument or other means as distinguished from medicine, drug or a substance (external as distinguished from internal means).
While the People may not prove that the defendant induced or advised the abortee to commit a crime, there is nothing within the allegations of the indictment itself which will prevent the prosecution from attempting to prove that the defendant directly or indirectly counselled, commanded, induced or procured another (that is someone other than the abortee herself) to commit the crime of violation of section 80 of the Penal Law.
In the light of the foregoing and in view of the concessions by the prosecution that the defendant did not herself commit the abortion, defendant would certainly be entitled to a bill of particulars outlining the ultimate, not evidentiary, facts upon which the indictment is predicated.
In view of this, there is no necessity of inspecting the Grand Jury minutes even by the court. Motion to inspect is denied.