LOUIS G. ZAMBARANO & another *vs.* MASSACHUSETTS
TURNPIKE AUTHORITY.

Suffolk.    March 9, 1966. — April 1, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Evidence*, Of value, Judicial discretion. *Practice, Civil*, Sequestration of witness, Conference with witness, Judicial discretion.

In a proceeding for assessment of damages for a taking of real estate by eminent domain, it was within the discretion of the judge to admit evidence of the price in a sale of comparable nearby property more than a

year after the taking where there was nothing to show that such sale price reflected an enhancement of the value of the nearby property due to the taking.   [486–487]

It was within the discretion of a trial judge to order one of two expert witnesses for a party to be excluded from the court room during the prior testimony of the other expert.   [487]

A direction by a trial judge prohibiting counsel for a party from conferring with an expert witness for that party during a recess called while the witness was being cross-examined as to his qualifications was within the judge's discretion.   [488]

PETITION filed in the Superior Court on January 17, 1963.

The case was tried before *Barron*, J.

*John F. O'Donnell* for the respondent.

*Edward J. Davis* for the petitioners.

WILKINS, C.J.   The petitioners, husband and wife, were the owners of land and a building at 84 Huntington Avenue, Boston, which on August 13, 1962, were taken by the respondent Authority for a turnpike extension.   This petition for damages was tried to a jury who found for the petitioners in the sum of $66,216.   The respondent's exceptions are to the judge's allowing a witness to testify to the sales price in October, 1963, of neighboring properties; to excluding an expert witness of the respondent from the court room during the testimony of another expert of the respondent; and to the denial of a motion for a mistrial.

The property was a six-story building of brownstone block serving as a home for the petitioners and as a guest house.   It was on the eastern side of the street opposite the "Prudential complex," which was in the course of construction at the date of the taking.

1.   One Brown, called as a witness by the petitioners, testified that he was the owner of four physically similar parcels at 116, 118, 120 and 122 Huntington Avenue; and that the sales price of the four properties when he sold them to one buyer in October, 1963, was approximately their value on August 13, 1962.   Subject to the respondent's exception, he was permitted to testify that the sales price of the four properties in October, 1963, was $250,000, or an average of $62,500 for each lot.   The respondent's ground

of objection is that this sale, which was admitted as comparable, took place fifteen months after the taking. It argues that in a land damage case an owner may not benefit from any enhancement in value which is the result of the taking; and that a sales price which reflects such an enhancement of value should not be admitted in evidence. The weakness in this argument is that it assumes that there was an enhancement in value due to the taking for the turnpike extension. There is nothing in the record to support this assertion, and for this reason the present case does not fall within the principles referred to in *Cole* v. *Boston Edison Co.* 338 Mass. 661, 669–670. There surely was no abuse of the trial judge's discretion in admitting the evidence. *Roberts* v. *Boston,* 149 Mass. 346, 350, 354, and cases cited. *Iris* v. *Hingham,* 303 Mass. 401, 408–409. *H. E. Fletcher Co.* v. *Commonwealth, ante,* 316, 324–326. Anno. 118 A. L. R. 869, 887–890; 85 A. L. R. 2d 110, 152–157. Orgel, Valuation Under Eminent Domain (2d ed.) § 139, p. 591.

2. At a bench conference, in the absence of the jury, the respondent's counsel stated that he would present two expert witnesses on value, one Kiley and one Foster in that order. Counsel for the petitioners asked that Foster be excluded from the court room during the testimony of Kiley. Counsel for the respondent objected on the grounds that it had the right "to have (each one of) its expert witnesses present in Court" when either one of them was testifying, and that it was "not within the discretion of the Court to sequester them." The trial judge ordered Foster excluded from the court room during Kiley's testimony, which, she said, was for the purpose of testing the memory, the accuracy, the type of experience and judgment of the witness without being refreshed by Kiley. There was no error. Sequestration of witnesses lies in the discretion of the trial judge. See *Commonwealth* v. *Follansbee,* 155 Mass. 274, 277; *Commonwealth* v. *Thompson,* 159 Mass. 56, 58. Anno. 85 A. L. R. 2d 478. Jones, Evidence (5th ed.) § 889. Wigmore, Sequestration of Witnesses, 14 Harv. L. Rev. 475. Wigmore, Evidence (3d ed.) § 1839, p. 359.

3.   As a ground for his motion for a mistrial counsel for the respondent said that he had been prohibited from conferring with Kiley during a recess which was called while Kiley was being cross-examined as to his qualifications. The motion was denied, and the respondent excepted. This, too, was a matter in the discretion of the court. Cases dealing with party witnesses in criminal trials (*United States* v. *Venuto,* 182 F. 2d 519, 521–522 [3d Cir.]) and civil trials (*Thompson* v. *Atlantic Bldg. Corp.* 107 Atl. 2d 784 [D. C. Mun. Ct. App.]) are not in point.   See *People* v. *Prevost,* 219 Mich. 233, 242.

*Exceptions overruled.*