HELEN B. COOPER *vs.* COMMONWEALTH. June 2, 1967. There was no reversible error in these G. L. c. 79 proceedings in which the petitioner was awarded $25,500 for about 8.56 acres of land in Littleton taken for purposes of Route 495. The taking left the petitioner with other land adjacent to Route 495. The judge charged, without any exception being taken, that just compensation "is the fair market value of the property . . .

[on] April 6, 1960. As of the day of that taking then and just prior thereto; . . . moments prior thereto, is the test of what the petitioner is entitled to." The case was tried on this basis. The Commonwealth's expert, as did the petitioner's experts, testified on the basis of contemporary values. Compare *Cole* v. *Boston Edison Co.* 338 Mass. 661, 665–666; *Alden* v. *Commonwealth*, 351 Mass. 83. See *Zambarano* v. *Massachusetts Turnpike Authy.* 350 Mass. 485, 487–488. Thus, the issue of enhancement was the narrow one whether, by the April, 1960, taking of the petitioner's land, the value of the petitioner's remaining land had been increased. In the form in which all the expert testimony was given, that is, the difference in value of what the petitioner had before and after the taking, the jury could have had no doubt that the benefit if any to the remaining land was to be deducted, and the request to instruct specifically as to this was not required. The requests which called, in effect, for a valuation by the jury on the basis of a time prior to the determination that there would be a Route 495 going through Littleton, in about its present location, were unrelated to any evidence. As the case was tried, these requests, although in general proper in other circumstances, were not required. For like reasons the omission to give the request to disregard the evidence of two sales if the jury found the values affected by the coming of Route 495 was not error, and the admission of the evidence of these sales was within the judge's discretion. *Iris* v. *Hingham,* 303 Mass. 401, 408–409. *Alden* v. *Commonwealth*, 351 Mass. 83, 86. We have in mind that, in the pre-Route 495 period, the petitioner's land would have been valued as agricultural, orchard and residential land, and that the jury's award appears to reflect testimony of value based on the use of the land for these same purposes notwithstanding that much of it had been rezoned for industry because of the coming of Route 495.

*Exceptions overruled.*

*Robert L. Meade,* Assistant Attorney General, for the Commonwealth.
*Robert U. Holden (Lyman C. Sprague* with him) for the petitioner.