(No. 10907.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANNA B. SCHULTZ-KNIGHTEN, Plaintiff in Error.

*Opinion filed February 21, 1917.*

1. CRIMINAL LAW—*when proof of previous acts is admissible on trial for murder by producing abortion.* On a trial for murder by producing an abortion, previous acts of the accused of the same character may be proved as tending to show criminal intent and guilty knowledge.

2. SAME—*accused may waive constitutional right to meet witnesses face to face.* In a criminal case, where a written but unsworn statement is admitted in evidence by agreement, the accused cannot thereafter contend that it was error to admit the statement because it violated her constitutional right to meet the witnesses face to face and cross-examine them, as objections to evidence based on such constitutional ground may be waived.

3. SAME—*when statement of court and instruction as to purpose of admitting evidence are erroneous.* On a trial for murder in producing an abortion, where the evidence of a previous charge of that character against the accused does not show she was guilty, but, in fact, shows that she was exonerated by the coroner's jury, it is prejudicial error for the court to state before the jury that such evidence was admitted to show the knowledge and intent of the accused and to give an instruction to the same effect.

4. SAME—*what is improper cross-examination as to previous conviction of crime.* Where the accused has stated, in answer to her counsel's question, that she has never been convicted of any crime, it is error to permit the State's attorney, over objection, to inquire of the accused if she did not know that the Supreme Court had reversed a conviction.

5. SAME—*instructions which define murder and malice are not proper in prosecution for causing abortion resulting in death.* In a prosecution under section 3 of the Criminal Code for causing an unnecessary abortion resulting in the death of the patient, it is error to give instructions stating the statutory definition of murder and defining the terms "malice" and "malice aforethought," as malice is not an element of the crime specified in said section 3.

6. SAME—*burden of proof does not rest on the accused at any time.* In a criminal trial the accused is entitled to the benefit of the presumption of innocence throughout the trial and until the evidence establishes his guilt beyond a reasonable doubt, and the burden of proof does not at any time rest upon him.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

DAY & GUENTHER, and COMERFORD & COHEN, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, EVERETT JENNINGS, and GEORGE P. RAMSEY, (EDWARD E. WILSON, and DWIGHT McKAY, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Dr. Anna B. Schultz-Knighten was convicted in the criminal court of Cook county of the murder of Flossie Emerson by performing an abortion on her and has sued out a writ of error to reverse the judgment. She is a colored woman. Flossie Emerson was a colored woman about twenty-three years old and a prostitute. Most of the witnesses who testified directly to facts implicating the plaintiff in error were colored prostitutes or their associates, some of whom had served one term or more in the penitentiary. The prosecution rests largely on the testimony of one such witness, Minnie Shouse, which is contradicted in detail by the plaintiff in error, with slight corroboration of either. No comment will be made on the testimony further than to say that it was so contradictory and uncertain that it cannot be fairly said that the jury could not reasonably have rendered any other verdict than that which was rendered, and that therefore error occurring on the trial did not affect the result and was not prejudicial.

The prosecution introduced evidence for the purpose of showing that in 1909 the plaintiff in error committed an abortion on Mrs. Charles Ruppert which resulted in her death. The evidence was competent for the purpose of showing the knowledge of the plaintiff in error and her guilty intent. (*People* v. *Hagenow,* 236 Ill. 514.) Though

a single abortion may have been committed for a sufficient reason and with no criminal intention, repeated acts of that character may create a reasonable presumption that they were not done to preserve life or ignorantly but with criminal intent and knowledge, and the more numerous the acts the stronger, ordinarily, will be the presumption.

Charles Ruppert made and signed a written but unsworn statement in regard to the abortion charged to have been committed upon his wife, and this statement was read to the jury at the coroner's inquest in regard to the cause of her death. By agreement of counsel the coroner's record of that inquest was read in evidence, including this statement and the verdict, which found that the abortion was not induced but was spontaneous. The plaintiff in error now contends that the admission of this statement, even by agreement, was erroneous because it violated her constitutional right to meet the witnesses face to face and to cross-examine them. Objections to evidence may be waived even though based on this constitutional ground, for the defendant may by a plea of guilty or a confession waive the production of all evidence of his guilt. The statute provides for the reading of an affidavit which has been admitted by the defendant to avoid a continuance, and it has been held that this statute does not deny to the accused the right to meet the witnesses testifying against him face to face. *Hoyt* v. *People,* 140 Ill. 588; *Keating* v. *People,* 160 id. 480.

Dr. Charles A. Simmons, who had been called to see Mrs. Ruppert before her death, was called by the plaintiff in error as a witness. In the course of his examination an objection was made, and in the course of argument the court said, "You don't deny it? You don't deny there was an abortion performed on Mrs. Ruppert?" to which counsel for the plaintiff in error replied, "We don't know anything about it," and the court then said: "But the evidence on that fact, whether there was or not, is not introduced for

the purpose of proving or disproving an abortion; it is only for the purpose of proving a knowledge of a former act or intent." ˝ Afterward the court instructed the jury that "the purpose of allowing the testimony in regard to the Ruppert case was for the purpose of showing the knowledge and intent of the defendant, only, and for no other purpose whatever." The jury were therefore given to understand that the evidence in regard to the Ruppert case was not for the purpose of proving that the plaintiff in error had committed an abortion in that case but only to show her guilty knowledge or intent. How the jury could infer guilty knowledge or intent on the part of the plaintiff in error from the evidence in the Ruppert case unless she was guilty in that case is incomprehensible, but this is, in effect, what the jury were told to do. Unless the previous crime had been committed by her it was no evidence against her. While it is sufficiently clear that Mrs. Ruppert died from an abortion or miscarriage, it is far from clear that the plaintiff in error was guilty of any criminal act, and, in fact, the verdict of the coroner's jury exonerated her and found that the abortion was not induced but ·was spontaneous. The statement of the court during the trial and the instruction were erroneous and prejudicial.

The plaintiff in error, while testifying, stated in answer to her counsel's question that she had never been convicted of any crime. On cross-examination an objection was overruled to the following question by the State's attorney: "Now, you say you have never been convicted of a crime. You know that the Supreme Court reversed a conviction, do you not?" She answered: "I was tried after that; I had a second trial." It is claimed that the statement of plaintiff in error that she had never been convicted of any crime was a proper subject for cross-examination. If so, the cross-examination should have been confined to the subject of her conviction of crime. It did not authorize a cross-examination about charges of crime, arrests, indict-

277 — 16

ments or trials. The statement that a conviction of crime had been reversed did not tend to contradict or qualify her statement, and improperly and unfairly got before the jury a fact likely to seriously prejudice her case.

The cross-examination of the witness Minnie Shouse was too closely restricted. She was interrogated in regard to complaints and threats made by her against the plaintiff in error for calling her a thief which she should have been required to answer, but the court sustained objections to them. She was also erroneously permitted to state her conclusion in regard to certain blood clots on the sheets on Flossie Emerson's bed; that she did not know what you would call it, but she knew it was the result of the operation she had performed to get rid of the unborn child. The court also erred in refusing to strike out the testimony of the witness McNally in regard to portions of placental tissue which he testified he found in the womb of Flossie Emerson. On cross-examination he testified that a microscopical and histological examination was necessary to determine whether such tissue was placental tissue or not and that he made no such examination.

The indictment was returned under section 3 of the Criminal Code, which provides for the punishment by imprisonment in the penitentiary of anyone who causes or attempts to produce an abortion unless for the preservation of the mother's life, and if the death of the mother results declares the person causing the abortion to be guilty of murder. This section was set out in full in an instruction given to the jury. The court further gave to the jury in another instruction section 140 of the Criminal Code, defining murder and express and implied malice, and in three other instructions informed the jury as to the terms "malice" and "malice aforethought" and the implications arising from their use. Malice is not made by the statute an element of the crime for which the plaintiff in error was indicted, and the giving to the jury of the statutory definition

of murder and repeatedly instructing them in regard to malice was confusing the crime for which she was on trial and the elements necessary to a conviction with the elements of another crime and was erroneous.

Objection is made to the refusal of several instructions asked by the plaintiff in error. One of them, after stating the presumption of innocence, proceeded that "the burden of proving, beyond all reasonable doubt, every material allegation necessary to establish the defendant's guilt rests upon the State throughout the trial, and that the burden of proof never shifts to the defendant." The defendant in a criminal trial is entitled to the benefit of the presumption of innocence throughout the trial and until the evidence establishes his guilt beyond a reasonable doubt, and the burden of proof does not at any time rest upon him, and this instruction should have been given. Several of the instructions were of a cautionary nature and under the circumstances of the trial might well have been given, but we do not regard the refusal of them as of sufficient importance, of itself, to cause a reversal of the judgment.

Complaint is made of the conduct and remarks of the court throughout the trial and the misconduct of the State's attorney, and a large part of the argument of the plaintiff in error is directed to a consideration of these complaints. The record shows some reason for them as well as some excuse in the hectoring and disrespectful conduct of the attorney for the plaintiff in error, who was not the same as the counsel who represent her in this court. His conduct deserved rebuke, and the court spent too much time in colloquy and dealt too mildly with him. It is not necessary and would not be useful to discuss and determine the relative misconduct of those engaged in the trial.

For the errors indicated the judgment is reversed and the cause is remanded.   *Reversed and remanded.*