## STATE v. McCURTAIN et al.

No. 3157. Decided April 12, 1918. (172 Pac. 481.)

1. ABORTION—INTENT—EVIDENCE. In a prosecution for abortion, the defense being that the operation was necessary to save life, testimony of another than prosecutrix that about the same time a like operation was performed upon her by defendants for a criminal purpose was admissable to prove intent. (Page 66.)

2. ABORTION—PROSECUTRIX AS "ACCOMPLICE." Prosecutrix is not an accomplice of defendant charged with abortion, though the criminal operation was performed at her request or with her consent. (Page 67.)

3. CRIMINAL LAW—INSTRUCTION—TESTIMONY OF ACCOMPLICE. In a prosecution for abortion, where the alleged father of prosecutrix was present at the operations, and testified respecting them, defendants were entitled to an instruction defining an accomplice, and telling the jury that if the witness was such within the statute they should not convict unless his testimony was corroborated as required and the refusal of such charge was prejudicial error. (Page 68.)

4. CRIMINAL LAW—CODEFENDANTS—DECLARATIONS AND STATEMENTS OR ADMISSIONS. Where defendants charged with abortion conspired together or acted in concert in committing the criminal act, the acts, declarations, and conduct of one in furtherance of the object in view were admissible as against the other, but, if the acts charged had been committed and had ended, the statements or admissions of one defendant were not admissible as against the other, unless made in his presence.[1] (Page 69.)

5. CRIMINAL LAW—INSTRUCTION—DUTY TO REQUEST AND EXCEPT. If council desire to have the court charge upon a particular phase of the case, or on a collateral issue or subject, they must offer a proper request, and, if it is refused, save an exception, otherwise the question may not be reviewed. (Page 69.)

6. CRIMINAL LAW—INSTRUCTION—FAILURE TO REQUEST—PROMISE OF COURT. In a prosecution for abortion, where, when the state offered to prove the statements of one defendant, council for defendants objected, and requested the court to inform the jury that the admissions and statements of such defendant could not be considered as against the other, and the court overruled the objection and stated the jury would be instructed fully at the conclusion of the case, and counsel excepted to the ruling and did not prepare and offer any request on the subject, the court's omission later to charge the jury as promised, thus permitting them to consider the statements of the one defendant as against the other, as well as against herself, was prejudicial error. (Page 69.)

7. CRIMINAL LAW—INSTRUCTION—LIMITING EVIDENCE. Where evidence is admissible only for a certain purpose or as against a particular defendant, it is the better practice for the court, when the evidence is received, to instruct the jury of the purpose for which it is received, and tell them not to consider it for any other.[2] (Page 72.)

8. CRIMINAL LAW—INSTRUCTIONS—ARGUMENTATIVENESS. Argumentative requests to charge, every legal proposition being supported by argument, were faulty and properly refused. (Page 73.)

---

[1] State v. Inlow, 44 Utah, 485, 141 Pac. 530, Ann. Cas. 1917A, 741.

[2] State v. Greene, 33 Utah, 497, 94 Pac. 987; Groot v. Railroad, 34 Utah, 164, 96 Pac. 1019.

Appeal from District Court of Salt Lake County, Third District; *Hon. J. Louis Brown,* Judge.

Dr. A. McCurtain and Mrs. Dora Arden were convicted of abortion. They appeal.

REVERSED and case remanded, with directions for new trial.

*M. M. Warner* and *R. R. Wedekind* for appellants.

*Dan B. Shields,* Atty. Gen., and *Jas. H. Wolfe* and *O. C. Dalby,* Asst. Attys. Gen., for the State.

FRICK, C. J.

The defendants were jointly charged with having produced an abortion upon a young unmarried woman, hereinafter called the prosecutrix. They were jointly tried and convicted, and appeal.

The statute under which the conviction was had (Comp. Laws 1907, section 4226) is as follows:

"Every person who provides, supplies, or administers to any pregnant woman, or procures any such woman to take any medicine, drug, or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the state prison not less than two or more than ten years."

The only matter contested at the trial was that the operation upon the prosecutrix was necessary to save her life. The pregnancy of the prosecutrix was therefore not denied; nor was the operation to expel the fetus from her womb denied, but it was contended that the operation was necessary to save her life, and therefore that the act was not criminal. Practically the only issue, therefore, was whether the acts with which the defendants were charged were criminal or otherwise. Much evidence, both for and against the defendants, upon that proposition was adduced. The jury, however, found the facts against the contention of the defendants.

The first assignment of error which is urged with much vigor by defendants' counsel, is that the evidence is insufficient to justify the verdict, and that the district court erred in refusing to so charge the jury at the request of the defendants; and, further, that the court erred in refusing to grant a new trial upon that ground. We remark that in view that the judgment must be reversed upon other grounds, and that the case must be remanded for a new trial, we shall refrain from discussing the evidence except where necessary to illustrate a point of law. After a careful examination of the evidence we have no hesitency to state that it was sufficient on the part of the state, if believed by the jury, to carry the case to the jury, and therefore is also sufficient to sustain the verdict of guilty. The district court therefore did not err in refusing to direct a verdict for the defendants as requested by them; nor did it err in refusing to grant a new trial upon that ground.

It is next insisted that the court erred in admitting the evidence of another young woman who testified that at or about the time the operation was performed on the prosecutrix a similar operation was also performed upon her by the defendants, and that she, by reason of such operation, gave premature birth to a child and that the operation was performed while she was in perfect health and for the sole purpose of relieving her of the child with which she was then pregnant. As pointed out before, the only defense in this case is that the operation which was performed on the prosecutrix was necessary to save her life. This contention the state vigorously contested at the trial, and it there insisted and now insists that the operation was performed for the sole purpose of procuring a criminal abortion upon the prosecutrix. The question of intent was therefore the most prominent feature of the case. It has frequently been held in prosecutions of this character that for the purpose of proving that the operation was in fact criminal, and as showing the intent of the accused, the state may show that other similar operations were performed upon other pregnant women. Among the numerous cases in which the courts have so held we refer to the following: *People* v. *Seaman,* 107 Mich. 348, 65 N. W.

203, 61 Am. St. Rep. 334; *State* v. *Brown*, 26 Del. 499, 85 Atl. 797; *People* v. *Hodge*, 141 Mich. 312, 104 N. W. 599, 113 Am. St. Rep. 525; *People* v. *Schultz-Knighten*, 277 Ill. 238, 115 N. E. 140; 1 C. J. section 96, p. 329.

In *People* v. *Seaman, supra* (quoting from page 334 of 61 Am. St. Rep.), the Supreme Court of Michigan in passing upon this question in a prosecution for criminal abortion said:

"Upon principle and authority, it is clear that where a felonious intent is an essential ingredient of the crime charged, and the act done is claimed to have been innocently or accidentally done, or by mistake, or when the result is claimed to have followed an act lawfully done for a legitimate purpose, or where there is room for such an inference, it is proper to characterize the act by proof of other like acts producing the same result, as tending to show guilty knowledge, and the intent or purpose with which the particular act was done, and to rebut the presumption that might otherwise obtain."

In *People* v. *Schultz-Knighten, supra,* the Supreme Court of Illinois in passing upon this identical question said:

"Though a single abortion may have been committed for a sufficient reason and with no criminal intention, repeated acts of that character may create a reasonable presumption that they were not done to preserve life or ignorantly, but with criminal intent and knowledge, and the more numerous the acts the stronger, ordinarily, will be the presumption."

In 1 C. J. section 96, p. 329, the law is stated thus:

"Acts of the defendant tending to show his knowledge of the woman's pregnancy and his intention to commit an abortion upon her may be proved whether they were prior or subsequent to the particular act charged in the indictment; hence evidence of other operations performed by defendant before or after the operation charged is admissible for the purpose of showing the intent with which the act charged was done."

No error was committed by the court in admitting the evidence of the young woman.

It is further contended that the prosecutrix is an accomplice and that the court should have so charged the jury. The contention is not tenable. It has often been held that the person on whom the criminal operation is performed although at her request or with her consent, is, never-

theless, not an accomplice. Such is the holding in the follow-
ing cases: *People* v. *Vedder,* 98 N. Y. 630; *Dunn* v. *People,*
29 N. Y. 523, 86 Am. Dec. 319; *Watson* v. *State,* 9 Tex. App.
237; *Commonwealth* v. *Wood,* 11 Gray (Mass.) 85; *Common-
wealth* v. *Follansbee,* 155 Mass. 274, 29 N. E. 471; 1 R. C. L.
section 4, p. 71. While, no doubt, the female who requests or
consents to a criminal operation with a view of producing an
abortion is morally in fault, yet she is not guilty of the offense,
and cannot be prosecuted under the statute. She therefore is
not an accomplice.

It is, however, further contended. that one James Rostege,
who was with the prosecutrix when the alleged criminal
acts producing the abortion were committed, and who,          3
it is contended by the defendants and admitted by the
state, was the father of the child with which the prosecutrix
was pregnant, and who apparently was interested in having
the abortion performed, and who testified respecting the opera-
tion and the acts of the defendants, was an accomplice and
that the court erred in not charging the jury to that effect as
requested by them. It is conceded that Rostege was with the
prosecutrix when she went to Dr. McCurtain to consult him
respecting the operation; that he was with her when the first
operation was performed by the doctor, and was also with
her when the final operation was performed by both Dr.
McCurtain and the defendant Mrs. Dora Arden at her home,
where the doctor directed the prosecutrix to go after the pre-
liminary operation upon her had been performed. While in
view of all the evidence it might not have been proper for the
district court to declare Rostege an accomplice as a matter of
law, yet it is quite clear that the court should have instructed
the jury what under our statute constitutes an accomplice,
and should have told them that if they found that Rostege was
an accomplice within the purview of the statute they should
not convict the defendants unless Rostege's testimony was
corroborated as required by our statute. Moreover, while upon
the authority of *People* v. *Watson,* 21 Cal. App. 692, 132 Pac.
836; *People* v. *Wah Hing,* 15 Cal. App. 195, 114 Pac. 416, and
*People* v. *Balkwell,* 143 Cal. 259, 76 Pac. 1017, there was ample

corroborating evidence in the case at bar to support the testimony of Rostege, yet neither we nor any one else can say what weight or effect the jury gave to his testimony. His testimony was direct, and, if the jury believed it, was quite convincing. They may thus have convicted the defendants upon his testimony alone. The defendants were therefore entitled to an instruction defining an accomplice and the weight and effect that should be given to the testimony of Rostege if they found he was an accomplice. The defendants offered such an instruction, but the court refused to give it and omitted to charge the jury at all upon that subject. This constituted error which, in view of all the circumstances of this case, was prejudicial to the substantial rights of the defendants.

It is next urged that the district court erred in admitting in evidence certain statements made by the defendant Mrs. Arden as against both the defendants; such statements having been made after the alleged criminal acts were committed; and, further, that the court erred in not instructing the jury that the statements or admissions made by either of the defendants, if made after the alleged criminal transactions had ended, should be considered only as against the defendant who made them.

The record discloses that the defendant Mrs. Arden did make certain statements to the officers, and perhaps others, some time after the alleged criminal transactions had terminated. While the evidence in the case at bar is **4, 5, 6** sufficient to justify a finding that the defendants conspired together, or acted in concert, in committing the acts charged against them, and that therefore the acts, declarations, and conduct of one in furtherance of the object in view were admissible as against the other *(State* v. *Inlow,* 44 Utah, 485, 141 Pac. 530, Ann. Cas. 1917A, 741; 12 Cyc. 435), yet after the acts charged had been fully consummated and had ended, then the statements or admissions of one were no longer admissible as against the other unless such statements or admissions were made in the presence of each other as in other cases where such statements are permitted. 12 Cyc. 439. When the state offered to prove the statements of the defendant Mrs. Arden,

counsel for defendants objected and requested the court to then and there inform the jury that the admissions and statements of Mrs. Arden could not be considered by them as against Dr. McCurtain. The court overruled the objection and said: ''The jury will be instructed fully, Mr. Warner, at the conclusion of the case.'' Counsel excepted to the ruling. It is now insisted that in view of the promise to properly charge the jury counsel were misled, and for that reason did not prepare and offer any request upon that subject; further, that because the court omitted to charge the jury as promised, but permitted them to consider the statements of Mrs. Arden as against Dr. McCurtain as well as against herself, the failure of the court to charge as promised constitutes prejudicial error.

A similar question arose in the case of *Carleton* v. *State*, 43 Neb. 373, 61 N. W. 699. In that case the defendant Carleton was convicted of murder in the first degree and was sentenced to death. During the trial evidence was offered by the state which, by a jury of laymen, might be considered for various purposes, while as a matter of law it was admissible only for a particular purpose. Counsel for defendant in that case, as did counsel in this case, objected to the evidence, and on it being admitted they requested the court to charge the jury to consider the same only for the purpose for which it was legally admissible. The court promised to so charge and counsel for defendant, relying on the court's promise, omitted to prepare an instruction limiting the evidence as before stated. The court, however, failed to limit the evidence and failed to instruct the jury upon the subject, precisely as in the case here. The Supreme Court of Nebraska, in passing upon the question said:

''A statement made by the court in ruling upon the evidence, that an instruction of a certain character would be given in relation to such evidence, does not excuse a party from properly requesting such instruction at the proper time. The failure or refusal of the court to instruct the jury must be excepted to in the trial court in order to be availed of on error.''

The question is not free from doubt nor from difficulty. The general rule is that if counsel desire to have the court

charge upon a particular phase of the case, or upon a collateral
issue or subject, they must offer a proper request, and if it is
refused save an exception. Without this the question may not
be reviewed. Moreover, counsel are supposed to be thoroughly
familiar with every phase of the case, and are therefore better
prepared than the court to meet special or collateral questions.
Courts are no more infallible than others, and it is not to be
expected that in the haste of a trial they can keep in mind
every collateral question that may arise in a case. It is coun-
sel's duty, therefore, to remind the court of such matters, and
if they fail such failure ordinarily cannot be urged as error.
Circumstances, however, alter cases, and for that reason alter
the rules that should be applied. While no hard and fast
rule can be laid down upon matters of this character, yet
where, as here, counsel timely objected and requested the court
to inform the jury respecting the effect of certain evidence,
and the court then refuses to so inform the jury, but unequivo-
cally promises counsel that it will charge the jury to the effect
requested by counsel, and counsel then except to the ruling,
and where it is clear that counsel, in reliance on the court's
promise, omitted to present a proper charge, then, in our judg-
ment, if it is made to appear that prejudice has resulted to the
accused, the trial court should grant a new trial, and in case it
refuses to do so this court should direct that a new trial be
granted.

Let it be remembered, however, that where a question like
the one before us arises in any case it should be determined
upon the facts and circumstances of the particular case, and
if it is apparent that no prejudice has resulted, or that counsel
were not actually misled and hence not excused from perform-
ing their full duty, then the judgment should be permitted to
stand. To follow the procedure outlined above cannot work a
hardship on any one. It does no more than to protect the
court, the counsel, and the accused. It is not necessary in any
case for the court to promise counsel to charge upon any col-
lateral issue or special matter arising in a case. The court
can easily protect itself by asking counsel to present a proper
request or at least to call its attention to the matter either

before or at the time the jury is instructed. If counsel then fail, it is their fault and not the fault of the court. In the case at bar, however, the promise of the court is clear-cut, and under all the circumstances we think counsel had a right to rely on the court's promise and to govern themselves accordingly.

Before leaving this subject we desire to add, however, that it is by far a better and safer practice in any case where evidence is admissible only for a certain purpose or as against a particular defendant that the court, at the time the evidence is received, instruct and admonish the jury of the purpose for which the evidence is received and tell them that they should not consider it for any other purpose. If that be not done the jurors will be very apt to consider the evidence for every purpose, and the matter will be thus fixed in their minds which will not easily be eliminated by an instruction given at the conclusion of the trial which, in many cases, the jury will not receive until many days after the evidence has been received. An instruction may thus fail to produce the desired effect. As a matter of course, it is always proper to also charge the jury at the conclusion of the trial of the purpose for which certain evidence was received and may be considered. It will be more likely, however, to produce the desired effect if the jury is told at the time the evidence is received the purpose for which it is received and may be considered by them. To follow the course just outlined will also obviate the very error which is insisted on in this case. Let it be distinctly understood, however, that by anything we have said herein it is not intended to, and we do not, modify the general rule laid down by this court in *State* v. *Green*, 33 Utah, 497, 49 Pac. 987, and in *Groot* v. *Railroad*, 34 Utah, 164, 96 Pac. 1019. Upon the contrary, we reaffirm the general doctrine there stated. The case at bar, for the reasons before stated, is, however, in our judgment, clearly distinguishable from the two cases to which we have just referred.

It is also insisted that the court erred in refusing to charge the jury as requested by the defendants. Counsel offered twenty-four separate requests to charge. The substance of

many of the requests is covered in the court's charge. While many of the requests offered contained sound propositions of law, yet there is hardly one that is free from the fault of being argumentative. Indeed, every legal proposition is supported by argument. Such requests are always faulty. If the court therefore had charged the jury in the precise language contained in the requests, it, in our judgment, would have committed error. In view of this it committed no error in refusing to give the requests as presented.

The court, however, erred in refusing to charge in the particulars we have hereinbefore pointed out, and for that reason the judgment must be, and it accordingly is, reversed, and the case is remanded to the district court of Salt Lake County, with directions to grant the defendants a new trial.

CORFMAN, THURMAN, and GIDEON, JJ., concur.
McCARTY, J., concurs in the result.