STATE v. FERGUSON.

No. 4781. Decided June 11, 1929. (279 P. 55.)

*Vere L. McCarthy*, of Salt Lake City, for appellant.

*George P. Parker*, Atty. Gen., and *Lawrence A. Miner*, Asst. Atty. Gen., for the State.

CHRISTENSEN, District Judge.

The appellant, Frank Ferguson, was convicted of the crime of burglary in the second degree and sentenced to serve an indeterminate term in the state prison. He appeals.

The appellant has assigned nine errors upon which he relies for a reversal of the judgment, but only three are discussed in the appellant's brief and in his oral argument. These three only will receive attention in this opinion.

The first of the assignments with which the brief of the appellant deals relates to whether or not the court erred in overruling appellant's objection to a question propounded by the state to the witness Perry Holt, "Did you tell these defendants what Mrs. Ferguson had said?" Over the objection of appellant the witness Holt was permitted to answer said question, which he did so as follows: "It looks too bad for you fellows, you haven't had those chickens down there at all." An examination of the transcript discloses that, as a matter of fact, no objection to the said question was made at all by the appellant. The objection relied upon by the appellant was made not to the question just above stated, but to the question which followed the answer given to said above-quoted question, "Just state what you said to them?" Attorney for appellant then said, "I object to that as being incompetent, irrelevant and im-

material; stating any conversation that Mrs. Ferguson had with this witness not in the defendant's presence." The objection was overruled and exception taken. The witness answered, "I asked Mrs. Ferguson if they had had those chickens there and she said, 'No; they hadn't any chickens there.'" Counsel for appellant objected and asked to have the answer stricken. The court then said: "It may go out, as to what Mrs. Ferguson told the witness." Counsel for the state then propounded the following question: "Just what you told them, not what she said?" The witness answered, "I said, 'You haven't had those chickens down there at all,' and I said, 'It looks too bad for you fellows.'"

It will thus appear that the questions upon which appellant bases his assignment of error No. 3 were not objected to at all and no exceptions taken. The objectionable answer given by the witness was ordered stricken by the court; and we find no error in the court's overruling appellant's objection to said question, since the answer elicited was ordered stricken by the court.

The second assignment of error urged by the appellant deals with the court's overruling appellant's motion for a directed verdict, and the appellant contends that the state had failed to introduce sufficient evidence to warrant a conviction. It appears to this court that an examination of the testimony in the case shows sufficient competent evidence introduced before the jury that in the light of the same the jury was justified in concluding that the appellant was guilty of the crime charged against him. As we view the testimony, the contention made that the evidence is insufficient to justify the verdict is wholly untenable. This court, on appeal from conviction, cannot weigh the evidence, and has held in effect that in the absence of legislation to the contrary, the appellate court has no right to say what quantum of evidence shall be necessary to establish a given fact or set of facts, so long as there is substantial evidence in support of such fact or facts. *State* v. *Carter,* 52 Utah 305, 173 P. 459; *State* v. *Estes,* 52 Utah 572, 176 P. 271;

*State* v. *Sawyer*, 54 Utah 275, 182 P. 206; *State* v. *Minousis*, 64 Utah 206, 228 P. 574. The trial court, therefore, did not err in overruling appellant's motion for a directed verdict.

' The last assignment urged by the appellant is assignment of error No. 9, and raises the question as to whether or not the court erred in failing to give instructions covering burglary in the third degree. The court's instruction No. 3 defines burglary in the second degree, but the court did not instruct the jury as to the crime of burglary in the third degree, which, appellant contends, is an included offense and should have been submitted to the jury by an instruction of the court.

It is a well settled rule that instructions as to lower grades of the offense charged should be given when warranted by the evidence. It is equally well settled that in a criminal prosecution error cannot be predicated on the omission of the trial court to instruct as to lesser grades of the offense charged, where there is no evidence to reduce the offense to a lesser grade. *State* v. *Angle et al.*, 61 Utah 432, 215 P. 531. We fail to find by an examination of the record any evidence tending to show that the crime of burglary in the third degree was committed by the appellant, and in the light of the authorities cited in the briefs of appellant and respondent we do not think the failure of the court to instruct the jury with respect to the offense of burglary in the third degree was reversible error.

In this connection it may be further said that the record fails to show that any request was submitted to the court for an instruction submitting the issue of burglary in the third degree to the jury, and in the case of *State* v. *McCurtain*, 52 Utah 63, 172 P. 481, the Supreme Court of this state held:

"The general rule is that if counsel desire to have the court charge upon a particular phase of the case, or upon a collateral issue or subject, they must offer a proper request, and if it is refused save an exception. Without this the question may not be reviewed."

This view is supported by the great weight of authority, as collated in a very recent decision of this court. *State* v. *E. J. Sullivan* (Utah) 276 P. 166.

We have also examined the assignments of error which were not argued, and to us they appear to be without merit.

We are, therefore, of the opinion that the judgment of the lower court should be affirmed. Such is the order.

CHERRY, C. J., and ELIAS HANSEN, J., concur in result.

STRAUP, J. (concurring). I concur in the result. I concur in the general statement as announced in some of the texts and cases that, when there is no evidence to support a conviction of a lesser offense, a court is not required to submit it to a jury, and concur in the statement in the prevailing opinion that instructions as to lower grades of a charged offense, when embraced and included therein, should be given when warranted by evidence. The difficulty arising in such particular is when may it be said there is evidence to justify a conviction of the lesser offense or upon what state or condition of the record, and on the evidence may the jury consider the question of the lesser offense in determining their verdict. If there is no sufficient evidence to justify a conviction of the charged greater offense, of course such offense should not be submitted to the jury. If there is sufficient evidence to support only a conviction of a lesser offense included and embraced within the charged greater offense, then the lesser offense only should be submitted. If there is no sufficient evidence to justify a conviction of either the charged greater offense or the included lesser offense, then neither should be submitted to the jury. As a general rule—there may be exceptions to it—where there is sufficient evidence to justify a conviction of the charged greater offense of necessity, there also is sufficient evidence to justify a conviction of the necessarily included lesser offense when all of the essentias of the lesser are

embraced and included in the greater. That is to say, in a charge of murder in the first degree, if there is sufficient evidence to justify a conviction of the charged greater offense, there also is sufficient evidence to justify a conviction of murder in the second degree, for all of the essential elements of second degree murder are embraced and included in the charged offense of first degree. In such case, as in all cases where, if the evidence is sufficient to justify a conviction of the charged greater offense, it also is sufficient to justify a conviction of the lesser offense, I think the court is required to submit to the jury the question of both the greater and the lesser offense or degree. In such case I think it unjust to the state as well as to the defendant to submit to the jury only the question of guilt or not guilty as to the greater charged offense.

An indictment or information charging all of the essentials of the greater offense also charges the lesser, if all of its essentials are embraced and included within the allegations of the charged greater offense. In such case the one offense is charged and presented by the indictment or information just as much as is the other. Being so charged and presented, the accused, by his plea of not guilty, is put on trial for the one just as much as for the other offense and may be convicted of either. Section 9024, Comp. Laws Utah 1917, provides that whenever a crime is distinguished in degrees, the jury, if they convict the defendant, must find the degree of crime of which he is guilty. Section 8979 provides that, when there is reasonable ground of doubt in which of two or more degrees the defendant is guilty, he can be convicted of the lowest of such degrees only. Under our practice, section 9006, Comp. Laws Utah 1917, the jury in a criminal case is made the sole judges of the facts. If the evidence is insufficient to justify a conviction of the greater charged offense or of one necessarily included therein, it becomes the duty of the court to withhold the case from the jury and direct a verdict of not guilty. But in no instance on a plea of not guilty may the court direct

a verdict of guilty. No matter how conclusive and indisputable the evidence may be to show guilt, the court, nevertheless, is required to submit the case to the jury who, in the very teeth of and against all the evidence, may render a verdict of not guilty, and, if the jury does so, the court may not, on its own motion or on motion of the state, set the verdict aside, though it be manifest that the jury in rendering the verdict disregarded the evidence or the charge and flew in the face of both. In such particular it is not the question of whether the jury did or did not do its duty. It is the question of the authority and power of the jury and of the power and authority of the court in such case to interfere with the province or prerogative of the jury. That the statute gives the jury such right and power cannot be gainsaid. Nor should the statutory and constitutional right of the accused in such respect be minimized or curtailed by judicial legislation. If in a case of different degrees of the charged greater offense there is sufficient evidence to submit the case to the jury of the charged greater offense, I do not see wherein it is the prerogative of the court to direct the jury of what degree only the jury may find the defendant guilty, or to direct them that, if they do not find him guilty of the charged greater offense, they must acquit him. To permit the court to do that is to permit it to be the judge of the facts. If the court for such purposes may so consider and weigh the evidence and find the fact and thus so determine the degree, I see no reason why the court, in a case where the evidence conclusively and indisputably shows the defendant's guilt of the charged greater offense, where there is no room or basis either in law or in fact for any doubt whatever, may not equally direct a verdict of guilt. It is apparent that the court may not do either, for under the Constitution and the statute making the jury the sole judges of the facts they may render any kind of a verdict with respect to any offense presented by and included within the indictment or information. And if they render a verdict of guilt as to the lesser degree or

offense, and if there be sufficient evidence to justify or support a conviction of the charged greater offense, neither the state nor the defendant may successfully complain that the verdict as rendered is not supported by sufficient evidence.

Where, therefore, the essentials of the charged greater offense embrace and include every essential of the lesser offense, and where the evidence is sufficient to support the charged greater offense, I think it follows, as does night the day, that of necessity there is also sufficient evidence to suport a conviction of the lesser offense. In such case I think it the duty of the court to submit to the jury the whole issue as presented by the indictment or information and not merely a part of it, and that the court ought not so submit the case as to compel or coerce the jury to find the accused guilty of the greater offense, or find him not guilty, or so as to give the jury no alternative or discretion, except to do the one or the other. Where, under such conditions, only the greater charged offense is submitted, jurors, or some of them, having a reasonable doubt as to the existence of all of the essential elements of the charged greater offense, are required or induced to find the accused not guilty, when, had the lesser offense also been submitted, might convict him of the lesser offense, while on the other hand, a jury somewhat loath on the evidence to wholly acquit the accused may be induced or influenced to find him guilty of the greater offense, when, if the lesser offense also is submitted, may find him guilty only of that offense.

Thus, under the conditions stated I think it the duty of the court to submit both the greater and the lesser offense to the jury and to charge the principles of law applicable thereto, whether requested so to do or not. I see no basis for the assertion that the court is required to charge the jury the general principles of law applicable to the charged greater offense whether requested or not, but is not required to charge the general principles of law applicable to the charged lesser offense unless requested so to do. Of

course, if the accused should request the court to charge only as to the greater offense, as in effect was done in *State* v. *Sullivan* (Utah) 276 P. 166, the defendant may not complain if the court does not charge as to the lesser offense. If, as has been seen, the jury may find the accused not guilty, though the evidence conclusively and indisputably shows the accused guilty of the charged greater offense, I see no reason why the jury may not also render a verdict finding the accused guilty of the lesser offense, if all of its essentials are embraced and included in the charged offense. It seems anomalous to say the jury may do the one but may not do the other, when confessedly the accused by his plea of not guilty is on trial for both the greater and the lesser offense, and where a verdict of the lesser offense is just as much within the information or the indictment as is the greater offense. Especially must that be true, since the statute in express terms provides that it is within the province of the jury to determine the degree of which the defendant is guilty.

I think it the general rule, at least, the better rule, that in a criminal case it is the duty of the court to charge the jury the general principles of law applicable to the case, at least the law with respect to the charged offense and the kind of verdict which the jury may render thereunder, whether requested so to do or not. The case of *State* v. *McCurtain*, 52 Utah 63, 172 P. 481, is cited as holding a contrary doctrine and that a court, even under the conditions stated, is not required to submit the lesser offense to the jury and charge the law applicable thereto unless requested so to do. I do not so understand that case. There were several defendants. Evidence was received as being admissible as to one but not as to the other defendant. When it was received the court observed that in his instructions the court would direct the jury that the evidence could be considered only as to the one and not as to the other defendant. The court by its instructions did not do so. On appeal it was contended that the defendant could not com-

plain because no request was submitted to so charge. But this court held against the contention. However, in the course of the opinion it was observed that, as a general rule, if counsel desire to have the court charge "upon a particular phase of the case, or upon a collateral issue or subject, they must offer a proper request." That is true. It is familiar doctrine that evidence which is admissible and received for one purpose, and where the jury may likely consider it for another purpose for which it is not admissible, the party who may be prejudiced thereby, if the jury is not properly instructed, may not successfully claim error if no instruction is given, except on a tender and refusal of a proper request, unless the court has misled counsel as it did in the McCurtain Case. It is concerning such a matter that the quoted language in that opinion is used. But how foreign is that to the matter here under consideration, and how unwarranted it seems to me it is to call an included lesser offense a "collateral issue or subject."

I, however, know it is stated in some texts and in some cases that, unless requested by one party or the other, the court is not required to give any kind of a charge other than merely reading the indictment or information to the jury and informing them that the accused had entered a plea of not guilty thereto. But that does not appeal to my understanding of the duty and responsibility of the court. The statute on the subject provides that "the court shall instruct the jury in writing upon the law applicable to the case." It does not say that the court is required to do so only when requested. The statute is a mandatory requirement that the court shall do so regardless of whether requests in such particular are tendered or not. The statute further provides that the parties may "ask special instructions" which the court must give or refuse or give them with modifications. There of course are many particulars upon which error may not be based for a failure to charge with respect thereto without offering a proper request, but, so far as instructing the jury as to the general principles

of law applicable to the case, I think it the duty of the court to charge with respect thereto whether requested or not.

Now what is the situation here? Our statute defines burglary in three degrees. The first is the breaking and entering of a house or building, etc., in the nighttime, with intent to commit larceny or any felony by the use of explosives. The second is the breaking and entering of a house or building, etc., in the nighttime, with the intent to commit larceny or any felony. The third is the entering of any dwelling house or building, etc., in the daytime, with the intent to steal or to commit any felony. The statute further provides that on a charge of first-degree burglary a conviction may be had for second degree (not a third degree), and that on a charge of second degree a conviction may be had for third-degree burglary, "provided the other elements of the crime of burglary in the third degree," as defined by the statute, "have been proved." Were it not for such statute, a conviction of third-degree burglary could not be had on a charge of second degree, without setting up the two offenses in separate counts as provided by section 8834, Comp. Laws Utah 1917, which provides:

"That an information or indictment for burglary may contain a count for house-breaking and one for larceny, and [that] an information or indictment for house-breaking may contain a count for larceny."

The charge here was second-degree burglary, a breaking and entering in the nighttime. Since second-degree burglary is a breaking and entering in the nighttime, and third degree a breaking and entering in the daytime, all of the essentials of third-degree burglary are not embraced or included in a mere charge of second-degree burglary. There is in such respect an ingredient not common to both. However, under the statute a conviction of third-degree burglary may be had on a charge of second degree, but only on the condition expressly stated in the statute when "the other elements of the crime of burglary in the third de-

gree," as defined by the statute, "have been proved"; that is to say, providing there is evidence to show that the entry was in the daytime. The statute expressly makes that a necessary condition permitting a conviction of third-degree burglary on a charge of second degree. Because of the statute in such particular, and of the different elements of second and third degree burglary, the case does not fall within the general rule that, where there is sufficient evidence to justify a conviction of the greater charged offense, there also must be sufficient evidence to support a conviction of the lesser when all of its essentials are embraced and included within the allegations of the charged greater offense. Evidence of a nighttime breaking and entering does not also prove a daytime entering. It rather proves the contrary. Had there been an apparent conflict as to whether the entry was in the daytime or in the nighttime, I think it would have been the duty of the court, whether requested or not, to have submitted to the jury both degrees with appropriate instructions. On the other hand, if on the record it is doubtful, as I think it is, whether there was evidence to show a daytime entry, and as has been seen proof of a nighttime entry does not prove a daytime entry, then, to be in a position to complain of a failure to charge on third-degree burglary, the defendant was required to tender a request to so charge. Not having done so, he may not now complain.

BRAMEL, District Judge (concurring). I concur in the result announced in the opinion of Judge CHRISTENSEN. I also concur with Mr. Justice STRAUP in his line of reasoning, by which he reaches the same decision.

The undisputed evidence in this case shows that the defendant is either guilty of burglary in the second degree, or not guilty of any burglary of any kind. In such a case the provision in the statute in question, to wit, "provided, the other elements of the crime of burglary in the third degree * * * have been proved," by implication at least,

forbids the court from submitting the question of third-degree burglary to the jury.

As shown by Mr. Justice STRAUP, there are crimes wherein, as a matter of law and logic, the higher degree necessarily includes every element of the lower degree. The crime involved in the case at bar is not of that character. One element in the statutory offense of burglary in the third degree is that the entry be made in the daytime. In the case at bar all the evidence is to the effect that the defendant did not enter the chicken coop in the daytime. The undisputed evidence shows that he worked in Salt Lake City the day of February 3d, and did not finish his work until about 8 o'clock p. m. of that day; that after finishing work he went home, ate supper, rode in an automobile to American Fork with his father, was in American Fork at about 11:30 p. m. of that night, and while on his way home, with the chickens in his possession, was seized by the deputy sheriff at about 4:30 next morning, that is, on the morning of February 4th. This case falls wholly within the proviso or exception of the statute, and justified the trial court in refusing to submit to the jury the question of defendant's guilt of burglary in the third degree.

EPHRAIM HANSON, J., and FOLLAND, J., both being disqualified, did not participate herein.