(No. 37743.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH CODDINGTON, Plaintiff in Error.

*Opinion filed November 24, 1964.*

ROGER S. BASKES, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Joseph Coddington was convicted of armed robbery in the criminal court of Cook County on three separate indictments and was sentenced to the penitentiary for a term of 10 to 20 years on each, such sentences to run concurrently. Writ of error was sued out in this court.

As error, defendant contends that the State failed to prove all of the elements necessary for armed robbery in that there was no showing defendant was armed with a dangerous weapon; that his constitutional right to a fair and impartial trial was denied due to the State's Attorney's failure to disclose that he had talked to a co-defendant witness and promised him a recommendation for probation for favorable testimony; and that the stipulations of defendant as to what the State's witnesses would testify on the last two indictments should not have been accepted in view of the atmosphere in which offered and of defendant's denial of guilt.

This court has jurisdiction of this direct appeal under Supreme Court Rule 28—1A, a substantial constitutional question being involved.

Defendant, Orval Wallace, Delbert King and Jean Morris were indicted for the robbery and armed robbery on July 1, 1961, of Clifford Kurz of $63, his wrist watch, and eight keys. The second count of the indictment charged armed robbery with a dangerous weapon, viz. a knife. A second indictment charged defendant, Wallace and King with the robbery of Glen Mabis on June 30, 1961, and a third indictment charged them with the robbery of Lawrence Mahler on July 2, 1961.

Defendant and his co-defendants entered pleas of not guilty and waived jury trial on all three indictments. The trial of the charge of robbery and armed robbery of Clifford Kurz was held first. Kurz testified to the robbery and identified Coddington as the man who robbed him and that while Coddington was robbing him, he felt a sharp object

at the back of his neck. Other testimony proved that one of the co-defendants had a knife.

The assistant State's Attorney asked the court to call Delbert King as a court's witness, stating that he had not talked to King, who was a defendant, and could not vouch for his credibility. King testified to the robbery by Coddington and the other defendants and to having loaned one of the defendants his pocket knife. On cross-examination, King admitted he had talked to the State's Attorney about testifying but denied that he knew what would happen because of his testimony. Morris testified to the facts of the robbery and two police officers testified as to admissions of King and Morris and the recovery of Kurz's watch from Morris.

Coddington testified denying the robbery and stated that he was at a beach party with others.

Upon this evidence, the trial judge found the defendants guilty. The assistant State's Attorney informed the court of Coddington's past criminal record and the court sentenced him to the penitentiary for a term of 10 to 20 years.

The assistant State's Attorney then told the court that before King took the stand and testified he was told that if he told the truth on the stand, the State would recommend probation for him and urge the court to accept the recommendation. The court then placed King on probation for 5 years.

The other two indictments were then called for trial. Wallace and King changed their pleas to guilty, but Coddington did not change his plea. Coddington's attorney stipulated as to what the State's witnesses would testify to on these charges and Coddington testified denying the other two robberies. The court found Coddington guilty and imposed sentence of 10 to 20 years on each charge, to run concurrently with the sentence on the first indictment. Sen-

tences then were imposed on co-defendants Wallace and King.

The State contends there was no knowing use of perjured testimony by the prosecution and that there was ample evidence to establish guilt without the use of King's testimony.

The testimony of King presents a series of contradictions. He admitted that he told defense counsel prior to trial that he was on duty in the Army and in Alaska when the crime was committed. His statement that he did not know what considerations would be extended him for his testimony is contrary to the information later given by the assistant State's Attorney to the court that King was told the State would recommend probation and urge the court to grant it if he testified. In *Napue v. Illinois,* 360 U.S. 264, 3 L. ed. 2d 1217, it was established that the fourteenth amendment to the Federal constitution nullifies a criminal conviction obtained, in whole or in part, by the testimony of a witness whose interest in the outcome of the trial has been falsely represented to the jury, where such interest may affect his credibility. It is impossible to truly assess the effect that a truthful disclosure of King's interest in testifying on behalf of the prosecution here would have had on the court. As we held in *People v. Hudson,* 341 Ill. 187, where a conviction rests on the testimony of an accomplice who has been promised parole and who was thoroughly impeached, it must be reversed. Defendant was not afforded a fair trial as guaranteed by the constitution and his conviction must be set aside.

The convictions on the second and third indictments are tainted by the unlawful conviction on the first indictment. Although a defendant may stipulate to the prosecution's evidence (*People v. Malin,* 372 Ill. 422; *People v. Claussen,* 367 Ill. 430; *People v. Schultz-Knighten,* 277 Ill. 238), it is apparent that the perfunctory trials on the sec-

ond and third indictments were consented to by plaintiff in error because he had already been convicted and sentenced on the first indictment. We believe that the interest of justice requires the convictions on the second and third indictments be also set aside.

The judgments of conviction on the three indictments here involved must be, and hereby are, reversed and the causes remanded for new trials.

*Reversed and remanded.*