**People of the State of Illinois, Defendant in Error, v. John Beoh (Impleaded), Plaintiff in Error.**

**Gen. No. 51,046.**

First District, Third Division.

December 15, 1966.

Richard D. Smith and James B. Sloan, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from two convictions of burglary for which defendant was sentenced to five to ten years in the penitentiary on each charge, sentences to run concurrently. The indictments, each charging defendant with burglary and theft, arose out of two separate burglaries, but the cases were consolidated for trial before the court sitting without a jury.

The burglaries involved were of Rever Watkins' and Donald Dunlap's respective abodes. Defendant raises

several points on appeal regarding each case. In the Watkins case defendant contends (1) the evidence was the fruit of an unlawful search and seizure; (2) the evidence, even if admissible, was insufficient to support the verdict, and (3) the court erred in failing to render a verdict on the charge of theft. As to the Dunlap case defendant's contentions are (1) the concealment by defendant's alleged accomplice of a promise of probation in return for his testimony vitiates the conviction; (2) the evidence is insufficient to support a burglary conviction, and (3) the court erred in failing to render a verdict on the charge of theft.

As there were two burglaries the facts surrounding each must be stated separately. On May 20, 1963, Rever Watkins returned home to find his apartment ransacked. Clothes were strewn about the room and five suits were stuffed into a hat box and left on the floor. A transistor radio was missing.

Earlier that day the owner of the building, Warren Ward, had observed defendant approaching and entering the building. According to Ward, defendant knocked on his (Ward's) door, tried the doorknob, then went upstairs, knocked on a door and walked across the upstairs floor. At that point Ward called the police.

John Wilkerson, a police officer, testified that he had been summoned to the building in question on May 20, 1963. He stated that upon arrival he stopped to talk with Ward and then went to the second floor and there found defendant on the landing. Defendant told the officer that he was looking for a girl friend. A search of Beoh produced the transistor radio which was put into evidence. Defendant at trial denied that he had had possession of the radio. This radio was identified by Watkins as the Japanese two-transistor model taken from his apartment. His identification was based on appearance, manufacturer and a loose aerial.

100

Donald Dunlap, the other burglary victim, testified that his house at 7929 S. State Street had been impermissibly entered by damage to a locked door and ransacked on May 14, 1963. A Philco television set, six suits, two pairs of shoes, six sweaters, and some loose change were missing thereafter. Dunlap next saw the television at a police station two days later. He identified the set there, and fitted to it a piece of the antenna which had been broken off and left behind during the burglary. The set had been found at the home of Charles Sajna, a cousin of defendant. Sajna, when arrested in possession of the television, had implicated Sherman Evans who later implicated Beoh. Evans testified that he and Beoh had burglarized the Dunlap home taking the items mentioned above. They then went to Sajna's home with the purpose of selling him the goods. The testimony is conflicting as to whether all of the items or only the television was left at Sajna's. Sajna denied having purchased the television but both Evans and Beoh said that he did buy it.

█ Defendant first contends that the radio introduced into evidence in the Watkins case is the fruit of an illegal search and seizure. Defense counsel objected to that introduction only on the ground of incomplete or improper identification. No mention was made at that time of the possibility of illegality of the search. Since that issue was at no time presented to the trial judge for determination the point was not preserved for appeal. In People v. Harris, 33 Ill2d 389, 211 NE2d 693, the court said at page 390: "It is well settled that this court will not consider the question of illegal search and seizure, even though pursuant to an illegal arrest, where it has not been raised before the trial court."

The defendant next contends that the evidence was insufficient to support a verdict of guilty. Beoh was found just outside the burglarized apartment and was unable to explain his presence there. At trial Beoh said he had lied to the officer when questioned outside of

Watkins' apartment, and stated that he had really been there to sell stolen goods to the occupant of the apartment. However, on May 20, 1963, he did not know the name of the tenant in that apartment.

Beoh also claims that there was an insufficient time lapse between the time Ward saw him and the arrival of the police officers for him to have been able to ransack the apartment. However, the times involved were not exact in the record, nor was it imperative to prove that Beoh had done the ransacking at that particular time. Furthermore, defendant was found in possession of a radio identified as having come from the burglarized place. This is recent possession, and it has been held that recent, exclusive, and unexplained possession of the fruits of a burglary gives rise to an inference of guilt sufficient to sustain a conviction of that burglary. People v. Pride, 16 Ill2d 82, 156 NE2d 551; People v. Rogers, 16 Ill2d 175, 157 NE2d 28; People v. Owens, 23 Ill2d 534, 179 NE2d 630.

Because we find no inconsistency between the evidence offered and defendant's guilt we cannot say the evidence was insufficient to sustain his conviction.

Defendant next contends that the court erred by failing to render a verdict on the charge of theft. In People v. Schrader, 2 Ill2d 212, 117 NE2d 786, defendant was indicted for burglary and larceny. He was found guilty of burglary, and when, upon appeal, he argued that he had been prejudiced by the failure to render a finding on the larceny charge, the court said at page 215: "We need not pursue the interesting ramifications of defendant's argument . . . because the finding of guilty upon the charge of burglary was, in legal contemplation, a finding of not guilty of the charge of larceny. . . ." On the other hand, assuming that the burglary was proved by means of theft in these cases, there is authority for the proposition that where separate counts arise from a single crime, a finding of guilty on one count amounts to a finding of guilty on the other. People v. Berry, 17

Ill2d 247, 161 NE2d 315; People v. Bybee, 9 Ill2d 214, 137 NE2d 251. Be it a finding of guilt or acquittal, therefore, the verdicts have been completely and properly rendered and sentence entered thereupon. Beoh has in no way been prejudiced by these verdicts in that he could not be retried on the theft charges.

Regarding the Dunlap case, defendant contends the conviction was vitiated by a concealment of a promise of leniency to Evans, Beoh's alleged accomplice. Defendant relies on People v. Coddington, 31 Ill2d 468, 202 NE2d 509, in which the conviction was reversed because of the failure to present evidence of a promise of leniency to the accomplice to the trier of fact. In that case the state's attorney later said that there had been such a promise. Since the instant case has no evidence of any promise whatsoever, the Coddington case, supra, does not control. The other cases cited by defendant similarly say only that if there is evidence of a promise of leniency to one testifying, this must be presented to the trier of fact. People v. Mullins, 28 Ill2d 412, 192 NE2d 840, which supports the State's argument, involved a conviction for murder. There the accomplices had testified against defendant, and on appeal he argued that the evidence must be disregarded and the case retried because the accomplices had been promised leniency in return for testimony. In response to this the court said on page 415: "There is no positive statement in this record that the testimony of Gray or Cook (the accomplices) was induced by promises or expectations of leniency . . . and any such conclusions must rest on inferences." In the case at hand Evans denied any expectation of leniency or promises to that effect, and the record is barren of any evidence thereof. The fact that he was given probation for his part in the burglary is insufficient to give rise to an inference of perjury, although the defendant urges this conclusion upon us. Because we find no evidence of a promise of leniency we cannot say there was any prejudicial concealment thereof.

103

Defendant next contends that the evidence in the Dunlap case is insufficient, as a matter of law, to support the verdict. We cannot agree. The television set traced to Beoh was identified by the victim shortly after the burglary. Although the set was not introduced into evidence Dunlap said that he had seen the set at the police station and had further identified it by fitting to it a piece of the aerial which had been broken off during the burglary. Defendant urges that the testimony of Evans is uncorroborated and not to be believed. We find his narration to be consistent with other testimony and to be supported by that of the victim and Sajna, who received the goods. The fact that Evans was an accomplice does not go to the admissibility of his testimony, although it may weigh on his credibility. But that determination is for the trier of fact, not for the reviewing court. Even the uncorroborated testimony of an accomplice will support a conviction if it satisfies the trier of fact of defendant's guilt beyond a reasonable doubt. The court in the Mullins case, supra, said at page 415: "Although the testimony of an accomplice must be scrutinized with extreme care and acted upon with the utmost caution, a conviction based upon it 'should not be set aside unless it is plainly apparent to the reviewing court that the defendant was not proved guilty beyond a reasonable doubt.' People v. Nitti, 8 Ill2d at 139."

Defendant's final contention in the Dunlap case, that of error by the trial court in failing to render a proper verdict on the charge of larceny has been answered above in our ruling on the Watkins case. Because we find defendant's contentions to be without merit, the convictions are affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.